[Cite as *State v. Hill*, 2013-Ohio-2552.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    12 CA 881 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| ANTHONY MICHAEL HILL, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                                           Court, Case No. 12CR5603.


JUDGMENT:                                         Affirmed.


APPEARANCES:
For Plaintiff-Appellee:                          Attorney Donald Burns
                                                           Prosecuting Attorney
                                                           Attorney Steven Barnett
                                                           Assistant Prosecuting Attorney
                                                           7 East Main Street
                                                           Carrollton, Ohio  44615

For Defendant-Appellant:                   Attorney Anthony Kaplanis
                                                           808 Courtyard Center
                                                           116 Cleveland Avenue, NW
                                                           Canton, Ohio  44702


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                                           Dated:  June 10, 2013

VUKOVICH, J.

**{¶1}** Defendant-appellant Anthony Michael Hill appeals the decision of the Carroll County Common Pleas Court that denied his presentence motion to withdraw his guilty plea. The sole issue raised in this appeal is whether that decision constitutes an abuse of discretion. For the reasons expressed below, we hold that it did not and accordingly affirm the judgment of the trial court.

Statement of the Case

**{¶2}** Hill was indicted on January 4, 2012 for one count of attempted rape of a child less than thirteen years of age, in violation of R.C. 2923.02(A) and R.C. 2907.02(A)(1)(b), a second-degree felony. The indictment also contained the specification that Hill was sixteen years of age or older at the time of the commission of the offense.

**{¶3}** Hill originally entered a not guilty plea. 01/17/12 Plea. Later, he moved to change his plea to a not guilty by reason of insanity plea. 02/07/12 Motion. The trial court ordered an examination by the Forensic and Diagnostic Center of District Nine, Inc. 02/10/12 J.E. Following that examination it was determined that Hill was legally competent to stand trial. 03/29/12 J.E.

**{¶4}** Thereafter, Hill filed a motion to suppress the statements he made to police. The motion claimed that Hill is borderline mentally retarded and could not knowingly, intelligently, and voluntarily waive the *Miranda* rights. 05/03/12 Motion.

**{¶5}** Prior to a hearing on the suppression motion, the state and Hill reached a plea agreement and a change of plea hearing was held. The state agreed to nolle prosequi the specification in the indictment, to recommend a three year sentence, and that it would not oppose Hill being released on furlough while he awaited sentencing. 05/31/12 State's Nolle Prosequi Motion; 05/31/12 Plea Tr. 5-6. In exchange, Hill agreed to change his plea from not guilty to guilty to the sole count in the indictment (without the specification). Following a plea colloquy, the trial court accepted the guilty plea to attempted rape and granted the furlough request. 05/31/12 Plea Tr. 51-58.

{¶6}     Sentencing occurred approximately two weeks later.  At the start of the sentencing hearing, Hill orally moved to withdraw his guilty plea.  06/15/12 Sentencing Tr. 4.  After an inquiry, the trial court denied the motion and proceeded to sentence Hill.  06/15/12 J.E.  The trial court followed the state's recommended sentence and sentenced Hill to three years in prison.  06/15/12 J.E.

{¶7}     Hill filed a timely appeal from his sentence and conviction.

<u>Assignment of Error</u>

{¶8}     "The trial court erred in failing to grant appellant's oral motion to withdraw his guilty plea made prior to the imposition of sentence."

{¶9}     The decision to grant or deny a pre-sentence plea withdrawal motion is within the trial court's sound discretion.  *State v. Xie,* 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).  Unless it is shown that the trial court acted unfairly or unjustly, there has not been an abuse of discretion.  *Id.*

{¶10} Crim.R. 32.1, which governs the withdrawal of a guilty plea, provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  This rule establishes a fairly strict standard for deciding a post-sentence motion to withdraw a guilty plea, but provides no guidelines for deciding a presentence motion.  *Id.*

{¶11} The Ohio Supreme Court, however, has stated that pre-sentence motions to withdraw a guilty plea "should be freely and liberally granted."  *Id.* at 584.  That does not mean that a defendant has an absolute right to withdraw a guilty plea prior to sentencing.  *Id.* at paragraph one of the syllabus.  Rather, there must be "a reasonable and legitimate basis for withdrawal of the plea."  *Id.*

{¶12} We have previously explained that the factors to be considered when making a decision on a motion to withdraw a guilty plea are as follows: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the

defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Cuthbertson,* 139 Ohio App.3d 895, 898–899, 746 N.E.2d 197 (7th Dist.2000), citing *State v. Fish,* 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995).

{¶13} No one of these factors is absolutely conclusive for the determination of whether the trial court should have granted the motion to withdraw the plea. *Cuthbertson* at 899. Rather, it is a weighing process. *Id.* Therefore, we must consider all of the factors and weigh them to determine whether the trial court abused its discretion.

{¶14} The first factor is the potential prejudice to the state if the defendant is allowed to withdraw the guilty plea. The state claims that it is prejudiced because the child victim most likely would not want to testify at trial. This claim is based on the victim impact statement given by the mother of the victim. She indicated that the child suffered significant mental harm from the crime and is fearful that Hill will "come get him at night." Sentencing Tr. 25.

{¶15} For purposes of withdrawing a guilty plea, prejudice to the state occurs when withdrawing the guilty plea affects the state's ability to make its case. Meaning, the state is not substantially in the same position it would have been had the plea not been entered. In some instances, witnesses become unavailable, witnesses' memories fade and/or evidence is lost between the time the offender entered the guilty plea and the time the offender moved to withdraw that plea. These situations may affect the state's ability to present its case. In those instances the state is prejudiced by the withdrawal of a guilty plea. However, when the state's position has not changed, meaning witnesses are available to testify, there has not been a lengthy delay that would cause memories to fade and evidence has not been lost, the state is not prejudiced by allowing an offender to withdraw the plea.

{¶16} Here, the claim of prejudice is based on a witness's reluctance to testify. Witness reluctance does not result in prejudice that supports denying the motion to withdraw the guilty plea because the state's case has not changed.

Witnesses that are reluctant to testify prior to a plea being entered are also reluctant to testify if the guilty plea is withdrawn. Furthermore, reluctance does not mean that a witness that was available to testify is now unavailable to testify.

{¶17} Therefore, the state's claim that it will be prejudiced if Hill is permitted to withdraw his guilty plea fails. This factor does not weigh in favor of denying the motion to withdraw the guilty plea.

{¶18} The second factor is defense counsel's representation. A review of the plea transcript reveals that defense counsel discussed with Hill the effect of the plea agreement and the rights Hill was waiving by entering the plea. Plea Tr. 4-50. Furthermore, the plea negotiation reached between the state and the defense reduced the potential maximum sentence from 25 years to 8 years. Sentencing Tr. 21. Moreover, the state agreed to recommend a three year prison term and would not oppose Hill being released on furlough pending sentencing. Plea Tr. 5-6. Thus, given the agreement reached, counsel was effective in not only reducing the potential penalty, but in getting the state to recommend a sentence on the lower end of the possible 2 to 8 year sentence and to not oppose Hill's furlough request. Consequently, counsel effectively represented Hill. This factor weighs in favor of denying the motion to withdraw the guilty plea.

{¶19} The third factor is the adequacy of the Crim.R. 11 hearing. The trial court specifically considered this factor when ruling on the motion to withdraw the guilty plea. Sentencing Tr. 7. In considering the motion to withdraw the guilty plea, the trial court noted that at the plea hearing it was clear that Hill understood the consequences of his plea, the charges against him, his right to a jury trial and the rights associated with the jury trial. Sentencing Tr. 7.

{¶20} The plea transcript likewise supports the conclusion that the plea hearing complied with the mandates in Crim.R. 11(C). That rule provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. These advisements are typically divided into constitutional rights and nonconstitutional rights. The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses

against him; 3) the compulsory process for obtaining witnesses in his favor; 4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney* at ¶ 31.

**{¶21}** The nonconstitutional rights that the defendant must be informed of are: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; 3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions, and 4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10–13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 19–26 (indicating that postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15, quoting *Nero* at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15, citing *Nero* at 108.

**{¶22}** At the plea hearing, the trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Hill was informed that by pleading guilty he was waiving his right to a jury trial, his right to have the state prove beyond a reasonable doubt each element of the offenses, his right to confront witnesses that would be called to testify against him, his right to compel witnesses to testify on his behalf and his right to not have to testify. Plea Tr. 39–40. Following the advisement, Hill indicated that he understood these rights and that he was waiving them. Plea Tr. 40-41.

**{¶23}** Likewise, the advisements on the nonconstitutional rights substantially complied with Crim.R. 11(C). Hill was properly advised of the charges against him, attempted rape with a specification that he was over 16 years of age when the offense was committed. Plea Tr. 18. He was correctly advised that the maximum penalty for the second-degree felony of attempted rape without the specification is an 8 year prison sentence and a $15,000 fine. Plea Tr. 19-20; R.C. 2929.14(A)(2) (maximum prison term for a second-degree felony); R.C. 2929.18(A)(3)(b) (maximum fine for second-degree felony). He was also correctly advised that he would be subject to a mandatory five year term of postrelease control after his release from prison. Plea Tr. 10-12, 36-37; R.C. 2967.28(B)(1). The court then advised Hill that it would not proceed immediately to sentencing after accepting the guilty plea, but would rather set sentencing for a later date. Plea Tr. 13. While this advisement did not inform Hill that the trial court could proceed directly to sentencing, there is no prejudice because sentencing did not occur immediately. *State v. Heverly*, 7th Dist. No. 09CO4, 2010-Ohio-1005, ¶ 22. The trial court also advised him that a prison term is not mandatory, but is presumed. Plea Tr. 19-21. Thus, the trial court was advising Hill that he was eligible for community control. The trial court was only required under Crim.R. 11(C) to advise Hill of his ineligibility for a community control sanction. However, since the advisement that he was eligible for a community control sanction was correct, there is no potential error. Following all of these advisements, Hill indicated that he understood the information that was being provided to him. Plea Tr. 10-21.

**{¶24}** Furthermore, we must note that in addition to making the required Crim.R. 11(C) advisements, a review of the plea transcript clearly indicates that the trial court took its time and made every necessary inquiry to determine that the plea was entered into knowingly, intelligently and voluntarily. The plea transcript is 65 pages long and approximately 50 pages are devoted to advisements on the effect of the plea. The advisement encompasses all of the rights he was waiving, covers judicial release, registration requirements and includes a discussion of the

medications he was currently taking and the effect that those medications have on his being able to enter the plea knowingly, intelligently and voluntarily.

{¶25} Therefore, considering all the above, this factor weighs in favor of denying the motion to withdraw the guilty plea.

{¶26} The fourth, fifth and seventh factors, in this instance, can be considered in conjunction with each other. Those factors are, respectively, the extent of the plea withdrawal hearing, full and fair consideration of the motion to withdraw, and reason for the motion. The plea withdrawal hearing consists of approximately 17 pages in the sentencing transcript. Sentencing Tr. 1-17. Upon learning at the beginning of the sentencing hearing that Hill wished to withdraw his guilty plea, the trial court inquired into the reason for the request. Hill advised the court of two reasons for the request. First, he claimed that the medication he was taking at the time he entered his plea interfered with his thinking and thus, resulted in his plea not being entered into knowingly, intelligently and voluntarily. Sentencing Tr. 5. Second, he claimed that he did not want to spend time in prison for a crime he did not commit. Sentencing Tr. 6.

{¶27} The transcript reveals that the trial court fully and fairly considered both reasons when it denied the motion. The reasoning the trial court provided is as follows:

> My recollection is that when I took his plea I inquired of him as to whether or not he was under the influence of alcohol, or drugs, or prescription drug medication, or over-the-counter medication. That he indicated what he was taking and I inquired into that. And that after I carefully inquired of that, and learned all I could about it, and ascertained, by his own admission, that it was not influencing his ability to his judgment and rationale functions of his brain, and that he could freely, voluntarily, and intelligently proceed, and conclude the hearing that we were involved with. [sic] And that he understood the nature of the charges against, [sic] understood the consequences of his plea, if he were found guilty, and the punishments. And he understood his rights to a jury trial and those other rights associated with a jury.

I would not have made the findings that I had made at that time, unless I had done that.

\* \* \*

I know what my protocol is and how careful I am when it comes to a defendant before me on a change of plea, and when there's an indication there there's any type of medication involved with the individual, at the time of taking a plea. I make observations and specific findings on the record to remove doubt for anyone who would listen to the case on appeal as to what I was seeing, observing, and understanding, and knowing so that I could faithfully report in the record that the person before [me] is knowingly, voluntarily, and intelligently going forward with the procedure of a change of plea, irregardless [sic] of whether or not they may be taking any prescribed medication or over-the-counter medication.

And so based upon that particular aspect of the protocol that I follow, I'm not going to disturb this change of plea for reasons alleged to be related to "I was under the influence of some type of medication that may have been influencing your ability to freely, voluntarily, knowingly and intelligently change your plea."

Now, with regards to this aspect of your argument that you're not going to take a plea to something that you didn't do. [sic] The plea colloquy is very well-designed to fair it out [sic] and stop the proceeding if, in fact, there's any hesitation on the part of a defendant during that proceeding, to believe that they are in anyway under any type of duress or coerce or any type of undue influence to go through with that change of plea.

At the beginning of that change of plea, there's a question. "Do you understand that by entering a plea of guilty, that plea represents a complete admission of the allegations contained in the indictment or the amended count of indictment?," that one would be changing their plea

of guilty to. And I know that that was asked of you and that you gave your response. And that was at the very head of that.

And your sentencing hearing (sic) probably lasted over a half hour in length of duration and there are many times when that plea could have been stopped by you and yet you persisted in going forward with that. And it is designed to give you every opportunity to back out and for the Court to determine whether or not you are knowingly, voluntarily, and intelligently entering that plea.

I have to say and find on the record that I find no value in your statements today or any proof to substantiate your allegation that that plea was in anyway not made voluntarily, knowingly, and intelligently.

Sentencing Tr. 6-7, 8-10.

{¶28} This statement shows that the trial court did fairly and fully consider the reasons for the motion. Moreover, the trial court accurately indicated in the above statement that it did adequately determine the effects of the medications, Lexapro, Buspar, Prevacid and Zantac, that Hill was taking and whether those medications affected his ability to enter the guilty plea knowingly, intelligently, and voluntarily. Plea Tr. 44-49. Specifically in finding that the medications did not affect Hill's ability to think clearly, the trial court indicated that Hill did not appear disoriented and Hill talked and answered the trial court's questions in a relevant way. Plea Tr. 49. Furthermore, as discussed above, the plea colloquy was more than adequate and the trial court is accurate in its description of the extent of the colloquy and the ability of Hill at any time to not enter the guilty plea. However, he chose to go forward. Therefore, these three factors weigh against withdrawing the guilty plea.

{¶29} The sixth factor to consider is whether the timing of the motion is reasonable. As previously indicated this is an oral presentence motion to withdraw a guilty plea. However, the motion was made immediately prior to sentencing. It was not made a day or a week before sentencing, but rather at the beginning of the sentencing hearing. In fact, while Hill's attorney did talk to Hill while he was furloughed pending sentencing, Hill did not tell his attorney that he wished to

withdraw his guilty plea until moments before the sentencing hearing. Sentencing Tr. 11-12. This is not a reasonable time to make the motion considering the facts of this case. After being held in jail awaiting trial, Hill was released on furlough pending sentencing for the purposes of getting his affairs in order before being sentenced. Not once during that two week period did Hill inform the court or his attorney of his desire to withdraw his guilty plea.

{¶30} As the trial court indicated this is a situation of buyer's remorse. Sentencing Tr. 13. Hill spent months in jail awaiting trial. After he entered his plea, the trial court released him on furlough to get his affairs in order. Sentencing was set for two weeks later. During those two weeks, Hill reconsidered his plea and decided he did not want to take the chance that he would be going to prison. A mere change of heart is insufficient for the withdrawal of a guilty plea, even when the motion to withdraw is made before sentencing. *State v. Hacker,* 2d Dist. Clark No. 2001–CA–85, 2002–Ohio–2920. Thus, this factor does not weigh in Hill's favor.

{¶31} The eighth factor is understanding the nature of charges and potential sentence. As discussed above, the plea colloquy shows that Hill understood that he was pleading guilty to attempted rape, a second-degree felony, without the specification. Likewise, Hill understood the potential penalty for that plea. At the sentencing hearing, it was further explained to Hill that by withdrawing his plea he would be subject to all the charges in the indictment including the specification. Sentencing Tr. 21. By withdrawing his guilty plea and being subject to the specification, he was exposing himself to a potential prison sentence of 5-25 years instead of a sentence within the 2 to 8 year range that was guaranteed by the plea agreement that disposed of the specification. Sentence Tr. 21. Thus, this factor also weighs in favor of denying the motion to withdraw the guilty plea.

{¶32} The last factor is whether Hill may not be guilty or may have a complete defense to the charge. As aforementioned one of the reasons for Hill's motion to withdraw was his claim that he is not guilty. Hill did not expand upon this reason during his argument to change his plea. Furthermore, he did not provide a reason why he agreed to plead guilty when he claims that he was not guilty. During the plea

colloquy, he entered a guilty plea rather than entering a no contest plea and in doing so did not make any claim during the plea hearing that he was not guilty. Regardless, Hill does now claim that he is not guilty. Thus, considering the above, this factor weighs slightly in Hill's favor.

**{¶33}** Weighing all factors, we must conclude that the trial court did not abuse its discretion in denying the motion to withdraw the guilty plea. The plea colloquy, timing of the motion, counsel's representation, extent of the motion to withdraw hearing, and full and fair consideration of the reasons of the motion weigh in favor of denying the motion. Thus, the sole assignment of error lacks merit. The judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, J., concurs.