[Cite as *State v. Delpinal*, 2016-Ohio-5646.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 2015-CA-97 |
| Plaintiff-Appellee | : | 2015-CA-98 |
| | : | |
| v. | : | Trial Court Case Nos. 14-CR-770 |
| | : | 15-CR-46 |
| TRAVIS DELPINAL | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of September, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

THOMAS W. KIDD, JR., Atty. Reg. No. 0066359, Post Office Box 231, Harveysburg, Ohio 45032
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Travis Delpinal appeals from his conviction and sentence following negotiated guilty pleas to charges of felonious assault and third-degree-felony OVI with a

related specification.

{¶ 2} In his sole assignment of error, Delpinal contends the trial court erred in overruling a presentence motion to withdraw his guilty pleas.

{¶ 3} The record reflects that Delpinal was charged in two separate cases with (1) two counts of felony OVI with prior-offense specifications and (2) felonious assault and abduction. The cases were being tracked together but on April 20, 2015, Delpinal entered a negotiated plea of guilty on the OVI case to one count of OVI and the specification in exchange for dismissal of the other count and its specification. That case was set for sentencing on May 27, 2015, but upon Delpinal's motion, the sentencing was reset for July 28, 2016 to coincide with his trial on the felonious assault case. On July 28th, the cases were continued until August 5th, 2016 because Delpinal had been arrested at 3:30 or 4:00 that morning for domestic violence and other charges and when he was brought to court he was still "highly intoxicated." On August 4th, 2016, he separately pled guilty to felonious assault in exchange for dismissal of the abduction charge and an agreement for a three-year prison sentence to be served concurrently with whatever sentence he received in the OVI case. The sentencing was set for August 11, 2016 in both cases. The record reveals that the trial court conducted complete Crim.R. 11 plea hearings in both cases, accepted the pleas, and found Delpinal guilty.

{¶ 4} During the sentencing hearing for both cases, but before Delpinal's sentence was announced, defense counsel advised the trial court that his client wanted to withdraw the guilty pleas. Upon being prompted by his attorney, Delpinal stated, "Yeah, I want to." (Disposition Tr. at 6). Defense counsel then told his client to "speak up," and Delpinal added, "I want to talk to another attorney." (Id.). The trial court responded by finding

"[i]nsufficient grounds" and overruling the oral motion. (*Id.*). The trial court then asked Delpinal "is there anything you want to say at this time, sir?" (*Id.*). Delpinal shook his head. The court inquired "No? Okay," and he shook his head again. (*Id.*). The court proceeded to impose a three-year prison sentence for the OVI, a consecutive two-year prison sentence for the related specification, and a concurrent three-year prison sentence for the felonious assault.

{¶ 5} On appeal, Delpinal challenges the trial court's denial of his plea-withdrawal motion. He asserts that the trial court "virtually ignored" his request and "refused to investigate" the basis for his motion. (Appellant's brief at 4). He argues that the trial court's apparent "impatience" with his motion and its "summary manner of dispatching" his request reflect an abuse of the trial court's discretion. (*Id.* at 5).

{¶ 6} Criminal Rule 32.1 governs motions to withdraw a plea. It provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 7} A presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). But even under the presentence standard, the right to withdraw a plea is not absolute. A trial court retains discretion to overrule a presentence motion. *Id.* We review a trial court's ruling on a presentence motion to withdraw a plea for an abuse of discretion. *State v. Massey*, 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 10, citing *State v. DeJesus*, 2d Dist. Greene No. 2015-CA-4, 2015-Ohio-4111, ¶ 16.

{¶ 8} When reviewing a trial court's denial of a presentence motion to withdraw a

plea, this court frequently has examined the following factors:

(1) whether the accused [was] represented by highly competent counsel,
(2) whether the accused was given a full Crim.R. 11 hearing before entering
the plea, (3) whether a full hearing was held on the motion, (4) whether the
trial court gave full and fair consideration to the motion, (5) whether the
motion was made within a reasonable time, (6) whether the motion sets out
specific reasons for the withdrawal, (7) whether the accused understood the
nature of the charges and possible penalties, (8) whether the accused was
perhaps not guilty of or had a complete defense to the charge or charges,
and (9) whether the state is prejudiced by withdrawal of the plea.

*Massey* at ¶ 11, quoting *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist. 1995); *see also State v. Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶ 29; *State v. Spurgeon*, 2d Dist. Greene No. 2014-CA-12, 2014-Ohio-4849, ¶ 16.

**{¶ 9}** A balancing test applies to the foregoing factors, and no single factor in isolation is dispositive. *Massey* at ¶ 11. The ultimate question is whether there exists a "reasonable and legitimate basis for the withdrawal of the plea." *Xie*, 62 Ohio St.3d at 527. A "change of heart" is not enough. *Spurgeon* at ¶ 18.

**{¶ 10}** Here the record supports a finding that Delpinal was represented by competent counsel, and Delpinal himself acknowledged below that he was satisfied with counsel's representation. He also received a full Crim.R. 11 hearing before entering his guilty pleas. Among other things, Delpinal was advised of the nature of the charges and the penalties, and he indicated that he understood. Nothing in the record suggests that Delpinal had a defense to the charges or was in fact not guilty. The OVI charge involved

him crashing a vehicle, fleeing the scene, and being found under the influence of alcohol. The felonious assault charge involved him hitting a woman and causing a facial fracture. The record also supports a finding that Delpinal's oral plea-withdrawal motion was not made within a "reasonable time" because he did not raise the issue until after his sentencing hearing had commenced. *See, e.g.*, *State v. Hill*, 7th Dist. Carroll No. 12 CA 881, 2013-Ohio-2552, ¶ 29.

**{¶ 11}** With regard to the other factors, Delpinal did receive a hearing on his plea-withdrawal motion. Indeed, he broached the subject *during* a hearing. *See State v. Burnett*, 2d Dist. Montgomery No. 20496, 2005-Ohio-1036, ¶ 20 (citing case law for the proposition that allowing argument on a plea-withdrawal motion during a sentencing hearing can constitute a full hearing on the withdrawal issue). Whether Delpinal received a "full" hearing, and whether the trial court gave "full and fair" consideration to his plea-withdrawal motion is perhaps debatable. In resolving these questions, however, we cannot ignore another of the factors mentioned above, namely whether Delpinal's oral motion identified specific reasons for his withdrawal request. As set forth above, Delpinal received an opportunity to identify the basis for the request. He responded by stating, in general terms, that he wanted "to talk to another attorney." Given the non-specific nature of this response, the trial court's own cursory response of "insufficient grounds" was permissible. Although the better practice would have been for the trial court to inquire why he wanted to consult new counsel, Delpinal, as the moving party, bore the responsibility to make his reasons known when given the opportunity to do so. In our view, the trial court's finding of "insufficient grounds" was an adequate, even if less than ideal, response to Delpinal's non-specific explanation for his plea-withdrawal request.

{¶ 12} We recognize that we just recently decided *State v. Bush*, 2d Dist. Clark Nos. 2015-CA-39 through -42, 2016-Ohio-5536 where we remanded that Appellant's request to withdraw his plea, made at the sentencing, for a hearing. We noted that "the ultimate question is whether Bush had a 'reasonable and legitimate basis' to withdraw his plea, other than a change of heart." *Id.*, ¶ 12. The trial court had overruled Bush's request to withdraw before he was given an opportunity to speak. When he was asked if he had anything to say at allocution, Bush indicated his reasons to withdraw his pleas were the victim of some of the offenses had changed her story, that he had other information that would provide a defense and he had paperwork to prove everything. We distinguish the result in *Bush*, where we were unable to determine if Bush's stated reasons to withdraw his plea were simply a change of heart. Consequently we remanded for a hearing. Here, the defendant did not articulate any factual or legal reason to withdraw his pleas, one of which had been made over three months earlier without expression of discontent in the interim. His stated desire to speak with another lawyer was simply insufficient.

{¶ 13} The only remaining factor is whether withdrawal of Delpinal's pleas would have prejudiced the State. Although nothing in the record indicates that prejudice would have resulted, we are convinced, based on our consideration of all of the pertinent factors, that the trial court did not abuse its discretion in overruling Delpinal's motion.

{¶ 14} The assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FAIN, J., and FROELICH, J., concur.


Copies mailed to:

Megan M. Farley
Thomas W. Kidd, Jr.
Hon. Richard J. O'Neill