[Cite as *State v. Crawford*, 2017-Ohio-308.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 27046 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 15-CR-2856 |
| v. | : | |
| | : | (Criminal Appeal from |
| RYAN CRAWFORD | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of January, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

KIM SCHNEIDER, Atty. Reg. No. 0078021, 371 West First Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

        {¶ 1} Ryan Crawford appeals from his conviction by guilty plea for attempted

menacing by stalking. He alleges that the trial court erred by permitting him to withdraw his motions to suppress and erred by not permitting him to withdraw his guilty plea. Finding no error, we affirm.

## I. Background

{¶ 2} Crawford was charged in October 2015 with menacing by stalking and obstructing official business. He filed two motions to suppress evidence,[1] and a hearing on the motions was set for February 2016. The suppression hearing did not occur, because as the parties told the trial court at the start of the hearing, they had reached a plea agreement. Before moving on to the plea colloquy, the trial court had Crawford withdraw his suppression motions. The court asked him if he had any questions about the withdrawal of the motions, and Crawford answered no. The court then had Crawford and his attorney sign a written withdrawal request. The trial court found that Crawford "knowingly, intelligently and voluntarily" withdrew the suppression motions. (Tr. 6). The court then proceeded with the plea colloquy during which Crawford pleaded guilty to an amended charge of attempted menacing by stalking. The State dismissed the obstructing charge.

{¶ 3} Almost two weeks later, before sentencing, Crawford filed a motion to withdraw his guilty plea. He asserted that he is innocent, saying that the detective working his case framed him and lied to him and that certain evidence was withheld or tampered with. After a hearing on the withdrawal motion, the trial court overruled it. The court found that Crawford's basis for the motion was his "change of heart," which is an insufficient

---

[1] The first motion sought to suppress evidence obtained from the search of his cell phone. The second motion, filed a week later, sought to suppress statements that he made when he was arrested.

basis for withdrawal. The court sentenced Crawford a few days later to community control.

{¶ 4} Crawford appealed.

## II. Analysis

{¶ 5} Crawford assigns two errors to the trial court. The first alleges that the court erred by finding that he withdrew the motions to suppress knowingly, intelligently, and voluntarily. The second assignment of error alleges that the trial court erred by not permitting him to withdraw his guilty plea.

### A. *Withdrawal of the motions to suppress*

{¶ 6} Crawford argues that his withdrawal of the motions to suppress was not knowing, intelligent, and voluntary. Crawford says that the trial court did not ask whether he understood the effect of withdrawing the motions to suppress, did not ask if he had had sufficient time to consult with his attorney on the matter, and did not ask whether he was satisfied with the advice of his attorney.

{¶ 7} Before proceeding with the plea colloquy, the trial court had Crawford withdraw his motions to suppress:

THE COURT: All right. So in order to proceed with the plea, if that's what we're going to do, the first thing is to withdraw the motion to suppress. So if the bailiff would give a form to Mr. Wilmes [defense counsel] to go over with his client and if that can be executed then I will take the defendant's plea.

(Pause)

THE COURT: Mr. Crawford, do you have any questions about the withdrawal of your motion, sir?

THE DEFENDANT: (No audible response)

THE COURT: Do you have any questions?

THE DEFENDANT: No.

THE COURT: Okay. The Court finds that the defendant did, in open court, knowingly, intelligently and voluntarily withdraw his motion to suppress.

(Tr. 5-6).

{¶ 8} It is unclear why the court makes this finding about the withdrawal of the suppression motions. Neither party cites any authority stating that knowing, intelligent, and voluntary is the standard for permitting a defendant to withdraw a motion to suppress, nor do we find any. Even if it were the appropriate standard, the record shows that Crawford's decision to withdraw satisfied it. The trial court allowed Crawford time to review the withdrawal request with counsel. He did not ask any questions about the withdrawal and signed the written withdrawal request.

{¶ 9} Regardless, "[a] guilty plea waives any right to appeal a ruling on a motion to suppress or any other trial court error, except for errors in the plea itself." *State v. Thomas*, 2d Dist. Montgomery No. 21829, 2007-Ohio-6908, ¶ 21, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus. So because Crawford pleaded guilty, he has waived the right to challenge any alleged error in the trial court's disposition of the motions to suppress.

{¶ 10} The first assignment of error is overruled.

B. *Motion to withdraw the guilty plea*

{¶ 11} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed * * *." Crim.R. 32.1. "[T]he general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality." *State*

*v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992), quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978). Still, "the determination whether to grant or deny such a motion is a matter committed to the sound discretion of the trial court." *State v. Spivey*, 81 Ohio St. 3d 405, 416, 692 N.E.2d 151 (1998). " 'One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion.' " *Xie* at 526, quoting *Barker* at 1223.

{¶ 12} When considering whether a trial court abused its discretion by denying a presentence motion to withdraw a plea, we have examined the following factors:

"(1) whether the accused [was] represented by highly competent counsel,

(2) whether the accused was given a full Crim.R. 11 hearing before entering

the plea, (3) whether a full hearing was held on the motion, (4) whether the

trial court gave full and fair consideration to the motion, (5) whether the

motion was made within a reasonable time, (6) whether the motion sets out

specific reasons for the withdrawal, (7) whether the accused understood the

nature of the charges and possible penalties, (8) whether the accused was

perhaps not guilty of or had a complete defense to the charge or charges,

and (9) whether the state is prejudiced by withdrawal of the plea."

*State v. Delpinal*, 2d Dist. Clark Nos. 2015-CA-97, 2015-CA-98, 2016-Ohio-5646, ¶ 8, quoting *State v. Massey*, 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 11. "A balancing test applies to the foregoing factors, and no single factor in isolation is dispositive." (Citation omitted.) *Id.* at ¶ 9. "The ultimate question is whether there exists a 'reasonable and legitimate basis for the withdrawal of the plea.' " *Id.*, quoting *Xie* at 527.

{¶ 13} The trial court here made findings on most of the above factors, and the

record supports these findings. The court found that Crawford was represented by highly competent counsel. There is no evidence to the contrary. The court said that it had "made a careful review of the [guilty] plea" that Crawford entered. (Tr. 29). The court found that he entered the plea "knowingly, intelligently and voluntarily" and indicated that it followed the proper procedures in taking the plea. (*Id.*). The transcript of the plea colloquy shows that Crawford understood the nature of the charge and the potential sentence. He was expressly advised of both, and he said that he understood. The trial court specifically asked Crawford if he had had the opportunity to talk with his attorney about the case, and Crawford said that he had. Indeed, at the plea withdrawal hearing Crawford admitted that before pleading he had had multiple discussions with his attorney:

> Q[.] * * * [Y]ou had multiple conversations with your attorney prior to entering your plea and had been explained everything by your attorney about the plea; is that correct?
>
> A[.] Yes.

(*Id.* at 26). Just before accepting Crawford's guilty plea, the court asked him if he had any questions for either the court or his attorney, and Crawford replied that he did not. As to the hearing on the motion to withdraw, Crawford was given a full hearing at which the trial court "allowed him to present any evidence that he wished." (*Id.* at 30). Before the hearing, noted the court, Crawford was given 35-40 minutes to consult with counsel and to make phone calls. The record shows that the motion to withdraw was made within a reasonable time, and the State does not claim that it would be prejudiced if Crawford withdrew his guilty plea. There is no evidence that the trial court did not give full and fair consideration to Crawford's motion to withdraw.

**{¶ 14}** The only factors that might favor Crawford's motion to withdraw are his reasons for withdrawal and his claim that he is innocent. Crawford asserts that the detective working his case framed him and lied to him and that certain evidence has been withheld or tampered with. The trial court found that Crawford has maintained his innocence since the beginning and has always believed that he was framed and that evidence has been mishandled. Nevertheless, said the court, he pleaded guilty. Now Crawford is simply having a "change of heart," which is an insufficient basis to withdraw. (*Id.* at 31).

**{¶ 15}** The trial court is correct. "[A] change of heart, without some additional justification, is not a sufficient basis for the withdrawal of a guilty or no contest plea." *State v. Deloach*, 2d Dist. Montgomery No. 21422, 2006-Ohio-6303, ¶ 17; *see also Delpinal*, 2016-Ohio-5646, at ¶ 9 (saying that "[a] 'change of heart' is not enough"). "[W]here the only reason given by the defendant is a change of heart," "[a] trial court that denies a pre-sentence motion to withdraw a guilty plea does not abuse its discretion." *State v. Spurgeon,* 2d Dist. Greene No. 2014-CA-12, 2014-Ohio-4849, ¶ 18. A court also does not abuse its discretion by denying a withdrawal motion if the motion is based on a complete defense that the defendant was aware of when he entered the plea. *See id.* at ¶ 20.

**{¶ 16}** Here, Crawford told the court that he had talked with his attorney about the case. And he acknowledged that he understood that if he pleaded guilty to the offense, he was making a complete admission that he committed the allegations contained in the charges. Crawford also affirmatively answered that he understood that if he entered a

plea of guilty, the court may enter judgment of guilt against him and proceed to sentencing. In addition, when he entered his guilty plea Crawford already knew about the defense he asserts in the motion to withdraw and maintained his innocence. On these facts, the trial court reasonably found that Crawford did not have a sufficient reason to withdraw his plea but merely had a change of heart. *Compare id.* at ¶ 21 (concluding the same on similar facts with respect to the defendant in that case). So we cannot say that the trial court abused its discretion by overruling Crawford's motion to withdraw his guilty plea.

**{¶ 17}** The second assignment of error is overruled.

### III. Conclusion

**{¶ 18}** We have overruled both assignments of error presented. The trial court's judgment is therefore affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Kim Schneider
Hon. Dennis J. Adkins