[Cite as *State v. Wolfe*, 2021-Ohio-1354.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 15-20-10

    v.

JOSHUA D. WOLFE,                       O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR-19-09-122

Judgment Affirmed

Date of Decision: April 19, 2021

---

APPEARANCES:

    *Tyler W. Dunham* for Appellant

    *Kelly J. Rauch* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Joshua D. Wolfe ("Wolfe"), appeals the September 14, 2020 judgment entry of sentence of the Van Wert County Court of Common Pleas. We affirm.

{¶2} On September 5, 2019, the Van Wert County Grand Jury indicted Wolfe on 24 counts: Counts 1, 3, and 5 of rape in violation of R.C. 2907.02(A)(1)(b), (B), first-degree felonies; Counts 2, 4, and 6 of sexual battery in violation of R.C. 2907.03(A)(5), (B), second-degree felonies; Counts 7, 9, 11, 13, 15, 17, 19, 21, and 23 of gross sexual imposition in violation of R.C. 2907.05(B), (C)(2), third-degree felonies; and Counts 8, 10, 12, 14, 16, 18, 20, 22, and 24 of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), (F), fourth-degree felonies. (Doc. No. 2). On September 11, 2019, Wolfe appeared for arraignment and entered pleas of not guilty. (Doc. No. 14).

{¶3} On June 12, 2020, the State filed a bill of information in the trial court charging Wolfe with two counts of sexual imposition in violation of R.C. 2907.06(A)(1), (C), both being third-degree misdemeanors. (Doc. No. 51).

{¶4} On June 16, 2020, a change of plea hearing was held. (Doc. No. 55). Wolfe withdrew his pleas of not guilty and entered guilty pleas, under a negotiated plea agreement, to four disseminating-matter-harmful-to-juveniles charges (Counts 8, 10, 16, and 18). (*Id.*). In addition, Wolfe pleaded guilty to both sexual-imposition

charges in the bill of information. (*Id.*). In exchange for his change of pleas and his guilty pleas to the bill of information, the State agreed to dismiss the remaining 20 counts of the indictment. (*Id.*). The trial court conducted a Crim.R. 11 colloquy, accepted Wolfe's guilty pleas, and ordered a presentence investigation ("PSI"). (Doc. No. 56).

{¶5} On July 27, 2020, Wolfe filed a motion to withdraw his guilty pleas. (Doc. No. 63). After a hearing on August 17, 2020, the trial court denied Wolfe's motion to withdraw his guilty pleas on August 21, 2020. (Doc. No. 69).

{¶6} On September 14, 2020, the trial court sentenced Wolfe to 18 months in prison on each disseminating-matter-harmful-to-juveniles count and 90 days in jail on each sexual-imposition count in the bill of information. (Doc. No. 73). The trial court ordered that Wolfe serve the four prison terms consecutively for an aggregate sentence of 72 months in prison. (*Id.*). The trial court ordered the sexual-imposition jail terms to be served concurrently to the 72-month prison term. (*Id.*). The trial court also concluded that Wolfe is a Tier I sex offender. (*Id.*).

{¶7} Wolfe filed his notice of appeal on October 13, 2020. (Doc. No. 89). He raises one assignment of error for our review.

### Assignment of Error

**The Trial Court Abused Its Discretion When It Denied Defendant's Pre-Sentence Motion to Withdraw His Guilty Pleas.**

{¶8} In his assignment of error, Wolfe argues that the trial court abused its discretion by denying his presentence motion to withdraw his guilty pleas.

*Standard of Review*

{¶9} It is within the sound discretion of the trial court to determine what circumstances justify granting a presentence motion to withdraw a guilty plea. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph two of the syllabus. Therefore, appellate review of a trial court's decision to deny a presentence motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995), citing *State v. Smith*, 49 Ohio St.2d 261 (1977). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). When applying this standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 33.

*Analysis*

{¶10} A defendant may file a presentence motion to withdraw a guilty plea. Crim.R. 32.1. Although a trial court should freely grant such a motion, a defendant does not maintain an absolute right to withdraw his plea prior to sentencing. *Xie* at 526. Instead, a trial court must hold a hearing to determine whether a "reasonable and legitimate basis" exists for the withdrawal. *Id.* at paragraph one of the syllabus.

{¶11} We consider several factors when reviewing a trial court's decision to grant or deny a defendant's presentence motion to withdraw a plea, including: (1) whether the withdrawal will prejudice the prosecution; (2) the representation afforded to the defendant by counsel; (3) the extent of the hearing held pursuant to Crim.R. 11; (4) the extent of the hearing on the motion to withdraw the plea; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the stated reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charges. *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 21, citing *State v. Griffin*, 141 Ohio App.3d 551, 554 (7th Dist.2001). *See also State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). "None of the factors is determinative on its own and there may be numerous additional aspects 'weighed' in each case." *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16, citing *Griffin* at 554 and *Fish* at 240.

{¶12} Even though we consider each of the nine factors when reviewing a trial court's denial of a presentence motion to withdraw a guilty plea, Wolfe's argument mainly focuses on the third and eighth factors—the extent of the trial court's Crim.R. 11 colloquy and the degree to which the Crim.R. 11 colloquy aided his understanding of the potential sentences he was facing. *Accord State v. Liles*,

3d Dist. Allen No. 1-18-69, 2019-Ohio-3029, ¶ 13 (noting that "[a]lthough each of the nine factors referenced above are considered when reviewing a trial court's denial of a presentence motion to withdraw a guilty plea, Liles's argument on appeal is based entirely on the third and eighth factors"). "Accordingly, the standards generally governing guilty pleas and Crim.R. 11 colloquies inform our determination of whether the third and eighth factors weigh in [Wolfe's] favor." *Id.*, citing *State v. Hill*, 7th Dist. Carroll No. 12 CA 881, 2013-Ohio-2552, ¶ 19-25.

{¶13} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C)(2), which governs guilty pleas for felony-level offenses, provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury

trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶14} "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 31. "'When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.'" *Id.*, quoting *Veney* at ¶ 31. "A trial court, however, is required to only substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b)." *Id.*, citing *Veney* at ¶ 14-17.

{¶15} "An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived." *Id.* at ¶ 12, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 20. "'Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶16} Wolfe argues that the trial court's Crim.R. 11 colloquy was deficient in two respects. First, Wolfe contends his guilty pleas were not made knowingly, intelligently, or voluntarily because "he believed that he would be sentenced to a period of community control and that his bond would be modified prior to sentencing." (Appellant's Brief at 8). Second, Wolfe asserts that the trial court "failed to ensure that [he] accurately understood the consequences of entering guilty pleas." (*Id.* at 9).

{¶17} Wolfe's arguments are without merit. The trial court substantially complied with the notifications required by Crim.R. 11(C)(2)(a) and (b). Specifically, at the change-of-plea hearing, the trial court during its Crim.R. 11 colloquy notified Wolfe that the penalties

> could include a sentence * * * on Count 8, 10, 16, and 18 each individually, eighteen months in prison * * * and that those could be served consecutively, for a total prison exposure of Six years * * * and * * * a potential one hundred and eighty days on the misdemeanors, with each misdemeanor being a potential ninety days * * * , but again, the misdemeanor time runs with the felony time in this instance for a total of Six years.

(June 15, 2020 Tr. at 65-66). The trial court further informed Wolfe that "in the event that if [he] were to go to prison, [he would] be given * * * three years of post-release control after release from prison * * * ." (*Id.* at 66). Moreover, the trial court informed Wolfe of the availability of community control as a potential sentence and that he would be classified as a Tier I sex offender by operation of his

plea. Importantly, Wolfe unequivocally stated that he understood that he was subject to a potential prison term as well as a sex-offender classification as a result of pleading guilty to four disseminating-matter-harmful-to-juveniles charges in the indictment and the charges in the bill of information.

{¶18} Moreover, Wolfe was notified of the potential prison sentence in the written-plea agreement, and of his eligibility "for consideration for community control," but Wolfe acknowledged that "no one * * * promise[d] that [he would] receive community control if [he] enter[ed] th[e] plea." (Doc. No. 55). Therefore, the trial court substantially complied with the notification requirement of Crim.R. 11(C)(2)(a).

{¶19} The trial court also substantially complied with the notification requirement of Crim.R. 11(C)(2)(b). "Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his guilty or no-contest plea and to determine whether he understands that effect." *State v. Jones*, 2d Dist. Montgomery No. 25688, 2014-Ohio-5574, ¶ 7, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 12 and *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 10-12. *See also* Crim.R. 11(B). "Thus, the court shall not accept a guilty plea without first informing the defendant that '[t]he plea of guilty is a complete admission of the defendant's guilt.'" *State v. Perin*, 4th Dist. Athens No. 18CA20, 2019-Ohio-4817, ¶ 16, quoting Crim.R. 11(B)(1).

**{¶20}** "The procedure is less elaborate in a misdemeanor case, particularly one such as this which involves a petty offense, i.e., a misdemeanor for which the penalty prescribed by law does not include confinement for more than six months." *Id.* at ¶ 15. *See* Crim.R. 2(C), (D); R.C. 2907.06(C); 2929.24(A)(3). Crim.R. 11(E) provides: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Construing this rule, the Supreme Court of Ohio instructed: "In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered." *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, at paragraph one of the syllabus. Because "'[i]nforming a defendant of the effect of his or her plea is a nonconstitutional right,'" a trial court must substantially comply with the tenor of Crim.R. 11(E). *Perin* at ¶ 17, quoting *State v. Walton*, 4th Dist. Washington No. 13CA9, 2014-Ohio-618, ¶ 19, citing *Griggs* at ¶ 12.

**{¶21}** At the change-of-plea hearing, Wolfe plainly stated that he understood that pleading guilty was a complete admission of his guilt and that he was "pleading guilty because [he is] guilty as charged[.]" (June 15, 2020 Tr. at 59, 70). Accordingly, the trial court complied with the requirements of Crim.R. 11(B) and (E), and, as such, the trial court substantially complied with the notification

requirement of Crim.R. 11(C)(2)(b). *See Perrin* at ¶ 18. Therefore, Wolfe's guilty pleas were knowing, intelligent, and voluntary, and the third and eighth factors do not weigh in Wolfe's favor.

**{¶22}** Nevertheless, our review of the trial court's decision denying Wolfe's motion to withdraw his guilty pleas requires this court to review each of the nine factors. The sole factor weighing in Wolfe's favor (as conceded by the State) is the reasonable timing of Wolfe's motion. We agree that the sixth factor weighs in favor of granting Wolfe's presentence motion to withdraw his guilty pleas.

**{¶23}** However, the remaining six factors do not weigh in Wolfe's favor. As to the first factor, even though the State failed to present any evidence of prejudice, the trial court concluded the juvenile victims would suffer additional emotional trauma if the trial court were to allow Wolfe to withdraw his guilty pleas. We agree that the State's ability to prosecute Wolfe would be prejudiced if the trial court permitted him to withdraw his guilty pleas. *See State v. Johnston*, 7th Dist. Columbiana No. 06 CO 64, 2007-Ohio-4620, ¶ 12. *See also State v. Hamblin*, 12th Dist. Butler No. CA2000-07-154, 2001 WL 290161, *1 (Mar. 26, 2001).

**{¶24}** Turning to the remaining factors, to determine whether the second and seventh factors—Wolfe's legal representation and the stated reasons for the motion—weigh in his favor, we must examine those factors in conjunction with our analysis of the third and eighth factors. In his motion to withdraw his guilty pleas,

Wolfe states that the reason for his motion is "because former counsel did not properly inform [him] about the potential consequences of his plea and misrepresented to [him] about his potential for a prison term." (Doc. No. 63). In conjunction with the seventh factor, Wolfe asserts that the second factor weighs in his favor because he

> had been misled by his attorney into adopting two incorrect beliefs. First, [he] believed that although the offenses to which he was pleading guilty carried a potential prison term, the Trial Court would ultimately place him on community control. Second, [he] believed that once he had entered pleas of guilty, the Trial Court would modify his bond and that he would be released on his own recognizance prior to sentencing.

(Appellant's Brief at 7).

{¶25} Wolfe's argument in support of the second and seventh factors is without merit and is belied by the record. First, based on our resolution of the third and eighth factors, Wolfe unequivocally indicated to the trial court that he understood that he was subject to a potential prison term. Further, Wolfe points us to no evidence in the record (and we have found none) that any bond-modification promise was made to him in exchange for his guilty pleas.

{¶26} Instead, the record reflects that Wolfe received competent legal representation. Importantly, the favorable negotiated plea agreement in which the State agreed to dismiss 20 counts of the indictment, including the 15 most serious charges—3 of which being the first-degree-felony-rape charges—is evidence that

Wolfe was represented by competent trial counsel. *See State v. Williams*, 3d Dist. Logan No. 8-18-06, 2018-Ohio-3615, ¶ 13; *State v. Ferdinandsen*, 3d Dist. Hancock No. 5-15-08, 2016-Ohio-7172, ¶ 31. Therefore, we conclude that neither the second nor the seventh factor weighs in Wolfe's favor.

{¶27} We likewise conclude that the fourth, fifth, and ninth factors do not weigh in Wolfe's favor. As to the fourth and fifth factors, the trial court conducted a hearing on Wolfe's motion to withdraw his guilty pleas, during which the parties had the opportunity to speak and present their evidence. (Aug. 17, 2020 Tr. at 79-88). Indeed, the trial court permitted Wolfe a full opportunity to present evidence as to why his motion should have been granted but Wolfe elected to not testify. (*Id.* at 83-84). *See State v. Rickman*, 3d Dist. Seneca No. 13-13-15, 2014-Ohio-260, ¶ 21; *Liles*, 2019-Ohio-3029, at ¶ 28. Likewise, the trial court gave full and fair consideration of Wolfe's reasons to withdraw his guilty pleas. Indeed, the trial court issued a detailed decision outlining the standard applicable to a presentence motion to withdraw a guilty plea, and applied such standard to Wolfe's motion concluding that "there is no other indication or evidence [Wolfe] did not receive quality representation" "[o]ther than the assertion that [Wolfe's] attorney did not explain the plea deal to him." (Doc. No. 69). *See Liles* at ¶ 28.

{¶28} Finally, as to the ninth factor, Wolfe asserts on appeal that he "maintains his innocence to each of the charges contained in the indictment" and

that he "believes that he will ultimately be acquitted on all of the charges." (Appellant's Brief at 10). "'A change of heart or mistaken belief about pleading guilty is not a reasonable basis for withdrawal of a guilty plea.'" *State v. Jones*, 7th Dist. Mahoning No. 09 MA 50, 2011-Ohio-2903, ¶ 20, quoting *State v. Smith*, 8th Dist. Cuyahoga No. 94419, 2010-Ohio-5784, ¶ 9. "Claims of innocence must be substantiated." *Williams* at ¶ 16, citing *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 27. Notwithstanding Wolfe's failure to raise an actual defense to the charges in the trial court, Wolfe's statement on appeal that he "believes that he will ultimately be acquitted on all of the charges" is not substantiated by the record. Rather, Wolfe's claims of innocence are contradicted by his statements at the change-of-plea hearing and in the PSI. *See Williams* at ¶ 17, citing *State v. Motley*, 1st Dist. Hamilton Nos. C-040430 and C-040431, 2005-Ohio-2450, ¶ 10.

{¶29} The record is clear that, at the change-of-plea hearing, Wolfe unequivocally admitted to the trial court that he was "pleading guilty because [he is] guilty as charged." (June 15, 2020 Tr. at 70). Further, Wolfe did not protest the State's description of Wolfe's conduct as it related to the four disseminating-matter-harmful-to-juveniles charges in the indictment and the sexual-imposition charges set forth in the bill of information; rather, after the State described Wolfe's conduct, Wolfe voluntarily, intelligently, and knowingly admitted guilt to those counts. *See Williams* at ¶ 17.

**{¶30}** Moreover, the PSI reflects that Wolfe admitted to law enforcement that he showed the victims "how to search for pornography 'incognito' mode on his phone * * * ." (PSI at 36). However, the PSI reflects that Wolfe denied to law enforcement that he had sexual contact with the victims. Despite that denial, the PSI reflects that law enforcement separately interviewed the minor victims and that their "stories were consistent." (PSI at 31). Specifically, the minor victims reported that Wolfe made them watch pornography and engaged in sexual conduct and sexual contact with them. Because the evidence directly contradicts, rather than substantiates, Wolfe's claims of innocence appears to be more in the nature of a mere change of heart. *See Liles* at ¶ 33. Thus, the ninth factor does not weigh in Wolfe's favor.

**{¶31}** Therefore, even though the sixth factor weighs in Wolfe's favor, we conclude that Wolfe did not have a reasonable and legitimate basis to withdraw his guilty pleas. *See Jones*, 2011-Ohio-2903, at ¶ 20 ("'When none of the [] factors weigh heavily in the defendant's favor regarding the presentence withdrawal of a guilty plea, a strong inference arises that the plea is being withdrawn merely because of a change of heart about entering the plea.'"), quoting *State v. Moore*, 7th Dist. Columbiana No. 06 CO 74, 2008-Ohio-1039, ¶ 13. Accordingly, the trial court did not abuse its discretion by denying Wolfe's motion to withdraw his guilty plea.

**{¶32}** Wolfe's assignment of error is overruled.

**{¶33}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**