[Cite as *State v. Floyd* , 2011-Ohio-558.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA14 |
| | : | |
| vs. | : | **Released: January 27, 2011** |
| | : | |
| MICHAEL C. FLOYD, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Michael A. Davenport, Ironton, Ohio, for Appellant.

J.B. Collier, Jr., Lawrence County Prosecuting Attorney, and Robert. C. Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} This is an appeal from a plea entered, pursuant to a negotiated plea agreement and agreed sentence, in the Lawrence County Court of Common Pleas, by Appellant, Michael Floyd, to one count of assault on a peace officer, a fourth degree felony, in violation of R.C. 2903.13(A)(C)(3). On appeal, Appellant raises three purported assignments of error, although only one is separately argued or briefed. Those assignments of error are as follows: 1) the court erred in failing to sentence Appellant while he was properly medicated and thus capable of knowingly and intelligently waiving

his rights and entering a plea; 2) the court erred in failing to ascertain that Mr. Floyd's medications had not been properly and consistently administered during the period between his return to the Lawrence County jail and his sentencing hearing; and 3) at the time of sentencing, Appellant was not capable of understanding the proceedings due to failure of the responsible authorities to provide his needed psychiatric medications and to schedule his hearing in a timely manner.

{¶2} Because Appellant did not separately argue or brief his first and second purported assignments of error, we decline to address them. App.R. 12(A)(2). Further, because we conclude that Appellant did not move to withdraw his plea at the trial court level, we are precluded from reviewing the issue for the first time on appeal. As such, we overrule Appellant's third and final assignment of error. Accordingly, the judgment of the trial court is affirmed.

FACTS

{¶3} Appellant was indicted on February 13, 2009, on charges of assault on a peace officer, a fourth degree felony in violation of R.C. 2903.13(A)(C)(3), and resisting arrest, a first degree misdemeanor in violation of R.C. 2921.33(B). Appellant entered joint pleas of not guilty and not guilty by reason of insanity to the charges. On February 23, 2009, the

trial court issued an order directing the evaluation of Appellant's mental condition at the time of the commission of the offenses. Thereafter, an evaluation was conducted and on May 27, 2009, the results of the evaluation by Shawnee Forensic Center were filed with court, indicating that the evaluator was unable to conclude whether or not Appellant met the criteria for a not guilty by reason of insanity plea.

{¶4} As a result, at a hearing conducted May 27, 2009, the parties stipulated that Appellant was incompetent to stand trial, but that he was also restorable to competency. Subsequently, by order dated June 8, 2009, the trial court ordered that Appellant receive psychiatric stabilization and restoration at Appalachian Behavioral Heathcare, a facility operated by the Ohio Department of Mental Heath. On July 27, 2009, Appalachian Behavioral Healthcare, drafted a letter to the trial court stating the Appellant had been restored to competency. Thereafter, the trial court held a hearing on July 31, 2009, wherein the parties stipulated to Appellant's competency based upon the report and the trial court permitted Appellant to withdraw his previous plea of not guilty by reason of insanity.

{¶5} On August 19, 2009, a change of plea and sentencing hearing was held. At the hearing, Appellant waived his right to a trial by jury both in writing and orally on the record. He entered a plea of "Guilty. No contest

guilty" pursuant to a negotiated plea agreement whereby the State agreed to dismiss the misdemeanor charge and recommend four years of community control and time served, in exchange for Appellant's agreeing to plead to the felony charge.  The trial court accepted Appellant's plea and sentenced him accordingly, issuing its final, appealable order on August 21, 2009.

{¶6} On March 25, 2010, Appellant filed a motion for leave to file appeal out of time.  In the motion, Appellant stated that he suffered from a lifelong mental disability for which he takes prescription medications and that at the time of his sentencing, he had not been receiving his medications in proper dosages or at all.  By entry dated May 12, 2010, we granted Appellant' motion.  On appeal, Appellant sets forth the following assignments of error.

ASSIGNMENTS OF ERROR

"I.    THE COURT ERRED IN FAILING TO SENTENCE MR. FLOYD WHILE HE WAS PROPERLY MEDICATED AND THUS CAPABLE OF KNOWINGLY AND INTELLIGENTLY WAIVING HIS RIGHTS AND ENTERING A PLEA.

II.    THE COURT ERRED IN FAILING TO ASCERTAIN THAT MR. FLOYD'S MEDICATIONS HAD NOT BEEN PROPERLY AND CONSISTENTLY ADMINISTERED DURING THE PERIOD BETWEEN HIS RETURN TO THE LAWRENCE COUNTY JAIL AND HIS SENTENCING HEARING.

III.   AT THE TIME OF SENTENCING, THE APPELLANT WAS NOT CAPABLE OF UNDERSTANDING THE PROCEEDINGS DUE TO FAILURE OF THE RESPONSIBLE AUTHORITIES TO PROVIDE

HIS NEEDED PSYCHIATRIC MEDICATIONS AND TO
SCHEDULE HIS HEARING IN A TIMELY MANNER."

ANALYSIS

{¶7} As indicated above, Appellant did not argue his first and second assignments separately in his brief, as required by App.R.16(A).  Thus, in accordance with App.R. 12(A)(2), we decline to address them.

{¶8} In his third assignment of error, Appellant contends that at the time of sentencing, he was not capable of understanding the proceedings due to failure of the responsible authorities to provide his needed psychiatric medications and to schedule his hearing in a timely manner.  Specifically, Appellant alleges that he was without his prescription medications for at least five days prior to his plea and sentencing hearing. These prescription medications were ones prescribed in connection with Appellant's restoration to competency, in order to stand trial.  As a result, he contends he was in a state of diminished capacity and thought he was pleading to the misdemeanor charge that was dismissed, rather than the felony charge upon which he was ultimately convicted.  Thus, Appellant essentially argues that he did not knowingly and intelligently waive his constitutional rights and seeks withdrawal of his plea on that basis.

{¶9} Initially, we question whether Appellant can pursue this appeal, considering that that R.C. 2953.08(D) normally bars a defendant from

appealing a jointly recommended sentence that has been accepted by the trial judge, as is the case sub judice.  However, because Appellant is arguing that his plea was invalid, R.C. 2953.08, which deals solely with sentencing, is not controlling.  *State v. Gibson*, Mahoning App. No. 07MA98, 2008-Ohio-4518 at ¶ 7 (reasoning that the challenge of plea agreement is not governed by R.C. 2953.08);  See, also, *State v. Royles*, Hamilton App. No. C-060875-76, 2007-Ohio-5348 at ¶10 (noting that while an appellate court cannot review and agreed sentence, it can review the validity of the plea leading to the agreed sentence).

{¶10} Nonetheless, before reaching the merits of Appellant's assigned error, we also note that Appellant, having never moved for withdrawal of his plea at the trial court level, is challenging the validity of his plea for the first time on appeal.  In *State v. Sumes*, the fifth district court of appeals was confronted with a similar situation, wherein the appellant, having never filed a motion to withdraw his plea at the trial court level, claimed for the first time on appeal that his plea was involuntary.  Stark App. No. 2001CA00196, 2002-Ohio-1582.  In *Sumes*, the court stated as follows:

"We note that appellant makes this argument for the first time on appeal. The record and transcript of the plea hearing indicate that appellant never made any request in the trial court to withdraw his guilty plea prior to or following sentencing as required by Crim.R. 32.1.  Failure to assert an alleged error in the trial court waives that error on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 489 N.E.2d 277."

As in *Sumes*, Appellant herein failed to seek a withdrawal of his plea either before or after sentencing at the trial court level. Thus, we are precluded from reviewing that issue for the first time on appeal.

{¶11} We are mindful that in other cases, such as *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48 and *State v. Ferguson*, 108 Ohio St.3d 451, 2006-Ohio-1502, 844 N.E.2d 806, the Supreme Court of Ohio addressed requests for withdrawal pleas on appeal, with no apparent request having previously been made at the trial court level. However, we note that in each of those cases, arguments were raised regarding ineffective assistance of counsel, which inquiry involves a separate test that questions whether the plea would have been made but for the ineffective assistance of counsel. Because ineffective assistance of counsel has not been raised in the present appeal, we find the aforementioned cases to be factually distinguishable, and instead find *Sumes* to be more factually on point.

{¶12} We also note, for the record, that the only actual evidence Appellant offers in support of his argument that he was without his medication for five days prior to sentencing, is in the form of an Appalachian Behavioral Healthcare Discharge Summary, which appears in the appendix of Appellant's brief. However, we note that this document was not made part of the record below and, had we reached the merits of the

appeal, we would not have been permitted to consider it, as it was not properly before us.

{¶13} In light of the foregoing, Appellant's third assignment of error is overruled. Accordingly, we affirm the decision of the trial court.

**JUDGMENT AFFIRMED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J. and Abele, J.: Concur in Judgment Only.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**