[Cite as *State v. Fritts*, 2021-Ohio-895.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 1-20-54

    v.

MICHAEL A. FRITTS,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2019 0270

Judgment Reversed and Cause Remanded

Date of Decision: March 22, 2021

APPEARANCES:

    *Chima R. Ekeh* **for Appellant**

    *Jana E. Emerick* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Michael A. Fritts, appeals the October 26, 2020 judgment of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we reverse.

*Background*

{¶2} On June 28, 2019, Fritts's vehicle was stopped by law enforcement officers on Interstate 75 outside of Lima, Ohio. During a search of Fritts's vehicle, officers located various items of contraband, including 11.5 grams of suspected crack cocaine.

{¶3} On August 15, 2019, the Allen County Grand Jury indicted Fritts on one count of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(c), a third-degree felony. On June 16, 2020, Fritts appeared for arraignment and pleaded not guilty.

{¶4} A change of plea hearing was held on October 22, 2020, at which time Fritts pleaded guilty to the single count of the indictment. The trial court accepted Fritts's plea and entered a finding of guilty. Fritts waived the presentence investigation, and the trial court proceeded immediately to sentencing. The trial court sentenced Fritts to 24 months in prison and ordered that Fritts's 24-month prison term be served consecutively to a prison term imposed in Oakland County,

Michigan case number 19271853-FH, which Fritts was serving. The trial court filed its judgment entry of sentence on October 26, 2020.

{¶5} On November 12, 2020, Fritts timely filed a notice of appeal. He raises two assignments of error for our review.

**Assignment of Error No. I**

**The trial court committed reversible error by accepting defendant-appellant's guilty plea without asking whether he understood that his guilty plea waived the constitutional rights enumerated in Crim.R. 11(C)(2)(c) (Tr. Pgs. 1-19).**

{¶6} In his first assignment of error, Fritts argues his guilty plea is invalid because the trial court failed to comply with Crim.R. 11. Specifically, Fritts contends the trial court did not confirm that he understood he was waiving certain constitutional rights by pleading guilty, as required by Crim.R. 11(C)(2)(c), and that his plea was therefore not entered knowingly, intelligently, and voluntarily.

*Relevant Authority*

{¶7} "Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, ___ Ohio St.3d ___, 2020-Ohio-2765, ¶ 10. "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional." *Id.*

{¶8} Crim.R. 11, which outlines the procedures that trial courts must follow when accepting pleas, "'ensures an adequate record on review by requiring the trial

court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Id.* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). Crim.R. 11(C)(2), which applies specifically to a trial court's acceptance of pleas in felony cases, provides as follows:

> (2)  In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a)  Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b)  Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c)  Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise the defendant before accepting his plea that the plea waives the various constitutional

rights listed in Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, syllabus.

**{¶9}** "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13. However, in the criminal-plea context, the Supreme Court of Ohio has carved out limited exceptions to the prejudice component of the traditional rule, one of which involves the constitutional advisements contained in Crim.R. 11(C)(2)(c). *Id.* at ¶ 14. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.*, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31 and *Veney* at syllabus. In such circumstances, the defendant's plea is invalid. *Veney* at syllabus.

*Analysis*

**{¶10}** After reviewing the record, we agree with Fritts that the trial court failed to comply with Crim.R. 11(C)(2)(c) when it accepted his guilty plea. During the plea colloquy, the trial court did not mention the constitutional rights listed in Crim.R. 11(C)(2)(c) or explain that Fritts was waiving these rights by pleading guilty. Although Fritts signed a written plea agreement stating he understood he was waiving the rights listed in Crim.R. 11(C)(2)(c) by pleading guilty, "a signed

written waiver is insufficient when the trial court completely omits an explanation of a constitutional right * * *." *State v. Young*, 11th Dist. Trumbull No. 2009-T-0130, 2011-Ohio-4018, ¶ 43; *see State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 21-27 (explaining that other parts of the record, such as a written plea, can be used to assess compliance with Crim.R. 11(C)(2)(c) only when the trial court's colloquy was ambiguous with respect to a particular constitutional right, not when discussion of a constitutional right was completely omitted). Therefore, notwithstanding the contents of the written plea agreement, Fritts's guilty plea is invalid because an explanation of the constitutional rights he was waiving by pleading guilty was entirely omitted from the trial court's oral plea colloquy. *See State v. Adams*, 4th Dist. Washington No. 15CA44, 2016-Ohio-2757, ¶ 13-18. As a result, Fritts's guilty plea must be vacated.

{¶11} Fritts's first assignment of error is sustained.

## Assignment of Error No. II

**The trial court erred by ordering defendant-appellant's sentence to run consecutive to that previously imposed in 19271853-FH out of Michigan without supporting its finding as required by R.C. 2929.14 (Tr. Pg. 41, tab 7-18).**

{¶12} In light of our disposition of Fritts's first assignment of error, Fritts's second assignment of error is rendered moot, and we therefore decline to address it. *See State v. Preston*, 10th Dist. Franklin Nos. 14AP-246 and 14AP-305, 2014-Ohio-3936, ¶ 9; App.R. 12(A)(1)(c).

{¶13} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the Allen County Court of Common Pleas and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**