[Cite as *State v. Conner*, 2021-Ohio-1769.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                          CASE NO. 16-21-01

     v.

ANDREW H. CONNER,                     O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 19-CR-0150

Judgment Affirmed

Date of Decision: May 24, 2021

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Douglas D. Rowland* for Appellee

Case No. 16-21-01

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Andrew H. Conner ("Conner"), appeals the September 15, 2020 judgment entry of conviction and December 17, 2020 judgment entry of sentence of the Wyandot County Court of Common Pleas. For the following reasons, we affirm.

{¶2} On January 8, 2020, the Wyandot County Grand Jury indicted Conner on the following criminal charges: Counts One and Ten of breaking and entering in violation of R.C. 2911.13(A), both fifth-degree felonies; Counts Two, Four, and Eleven of theft in violation of R.C. 2913.02(A)(1), all fifth-degree felonies; Count Three of burglary in violation of R.C. 2911.12(A)(3), a third-degree felony, which included a criminal-forfeiture specification[1]; Count Five of grand theft in violation of R.C. 2913.02(A)(2), a third-degree felony; Count Six of having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony; Counts Seven, Nine, and Twelve of possessing criminal tools in violation of R.C. 2923.24(A), a fifth-degree felony; Count Eight of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony; Count Thirteen of safecracking in violation of R.C. 2911.31(A), a fourth-degree felony; Count Fourteen of aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony; and

---

[1] It was alleged that Conner used or intended to use a 2007 Chevrolet Avalanche in the commission or facilitation of the burglary offense, and as such, that motor vehicle is subject to criminal forfeiture as "proceeds or instrumentalities". (Doc. No. 20).

Count Fifteen of possession of heroin in violation of R.C. 2925.11(A), a fifth-degree felony.[2] (Doc. No. 20). On January 9, 2020, Conner appeared for arraignment and entered pleas of not guilty. (Doc. No. 26).

{¶3} On September 15, 2020, Conner withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to Count Three (the burglary charge), Count Eight (the robbery charge as amended), and Count Ten (the breaking and entering charge).[3] (Doc. Nos. 48, 49). In exchange for his guilty pleas, the State agreed to dismiss the remaining counts of the indictment. (*Id.*). Further, the State and Conner also submitted a joint-sentencing recommendation to the trial court.[4] (Doc. No. 48). The trial court accepted Conner's guilty pleas, found him guilty, dismissed the remaining counts of the indictment, and ordered a presentence investigation. (Doc. No. 49).

{¶4} On December 15, 2020, the trial court sentenced Conner consistent with the terms of the joint-sentencing recommendation. (Doc. No. 54). Specifically, the trial court sentenced Conner to a 24-month prison term as to his burglary charge (under Count Three), an indefinite minimum term of six years and a maximum term

---

[2] The indictment included a series of six individual offense dates involving three municipalities and four victims. (Doc. Nos. 31, 53). (*See* Doc. No. 20).

[3] Count Eight was amended from aggravated robbery under R.C. 2911.01(A)(1), a first-degree felony, to robbery under R.C. 2911.02(A)(1), a second-degree felony. (Doc. No. 48).

[4] Specifically, under the terms of the agreement, the parties jointly agreed to recommend a 24-month prison term as to Count Three, a prison term of six to nine years as to Count Eight, and 11-month prison term as to Count Ten. Moreover, they agreed that the prison terms be run consecutively "for an aggregate prison sentence of thirty-five (35) months and six (6) to nine (9) years. (Doc. No. 48). Conner further agreed to forfeit his motor vehicle under the criminal-forfeiture specification and pay restitution and court costs. (*Id.*). Finally, pursuant to their agreement, Conner reserved the right to speak at sentencing. (*Id.*).

of nine years in prison (under Count Eight), and an 11-month prison term (under Count Ten) with said sentences ordered to be served consecutively to one another.[5] (Doc. No. ).

{¶5} On January 8, 2021, Conner filed a notice of appeal, and he raises one assignment of error for our review.  (Doc. No. 58).

### Assignment of Error

**The trial court in accepting the Defendant-Appellant's plea of guilty herein did so in violation of his due process rights by not explaining that the maximum sentence imposed was tied into the presumptive minimum sentence imposed with said presumption being rebuttable by evidence of violation of prison rules or criminal offenses while in prison with a hearing conducted by the Ohio Department of Rehabilitation and Correction.**

{¶6} In his assignment of error, Conner argues that the trial court erred by failing to provide him a particular notification regarding his prison sentence, which Conner claims violates his due process rights.  In particular, Conner asserts that the trial court failed to explain portions of Reagan Tokes Law pertaining to the possibility that the Ohio Department of Rehabilitation and Correction ("ODRC") could rebut the presumption of his release from prison once Conner completes his minimum term of imprisonment.  Thus, Conner claims his guilty pleas were not made voluntarily.

---

[5] Conner received 369 days' jail-time credit and was ordered to pay restitution to the victims.  (Doc. No. 54).

{¶7} Initially, we must determine whether Conner can pursue this appeal, considering that R.C. 2953.08(D) generally bars a defendant from appealing a jointly recommended sentence that has been accepted by the trial judge and is authorized by law, as in the instant case. R.C. 2953.08(D). *See State v. Floyd*, 4th Dist. Lawrence No. 10CA14, 2011-Ohio-558, ¶ 9, citing R.C. 2953.08. However, since Conner is arguing that his plea was invalid on the basis that it was not voluntary, R.C. 2953.08, which deals solely with sentencing, is not controlling. *See Floyd* at ¶ 9, citing *State v. Gibson*, 7th Dist. Mahoning No. 07 MA 98, 2008-Ohio-4518, ¶ 7 and *State v. Royles*, 1st Dist. Hamilton Nos. C-060875 and C-060876, 2007-Ohio-5348, ¶ 10.

*Standard of Review*

{¶8} When we are determining whether a guilty plea was entered knowingly, intelligently, and voluntarily, we conduct a de novo review of the record (looking at the totality of the circumstances) to ensure that the trial court complied with the constitutional and procedural safeguards. *State v. Scott*, 3d Dist. Seneca No. 13-2000-34, 2001-Ohio-2098, *1, citing *State v. Kelley*, 57 Ohio St.3d 127, 129 (1991) and *State v. Carter*, 60 Ohio St.2d 34 (1979).

*Analysis*

{¶9} "'Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and

voluntary.'" *State v. Fritts*, 3d Dist. Allen No. 1-20-54, 2021-Ohio-895, ¶ 7, quoting *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 10. "'If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional.'" *Id.*, quoting *id.*

{¶10} Crim.R. 11(C)(2), outlines the procedures that trial courts must follow when accepting felony case guilty or no contest pleas and provides in its pertinent parts:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) *Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved*, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

(Emphasis added.)  Crim.R. 11(C)(2)(a)-(c).

{¶11} The Supreme Court of Ohio has drawn a distinction between the nonconstitutional notifications and the constitutional notifications under Crim.R. 11(C). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 14. "'A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights.'" *State v. Wolfe*, 3d Dist. Van Wert No. 15-20-10, 2021-Ohio-1354, ¶ 14, quoting *State v. Montgomery*, 3d Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 11, citing *Veney* at ¶ 31. "'"When a trial court fails to strictly comply with this duty, the defendant's plea is invalid."'" *Id.*, quoting *Montgomery* at ¶ 11, quoting *Veney* at ¶ 31. "'A trial court, however, is required to only substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b).'" *Id.*, quoting *Montgomery* at ¶ 11, citing *Veney* at ¶ 14-17.

{¶12} At issue in the facts before us, is whether the trial court complied with Crim.R. 11(C)(2)(a) as to Conner's understanding of the "maximum penalty involved". Thus, Conner is challenging the nonconstitutional notifications under Crim.R. 11(C), and we review the record for substantial compliance. *See Wolfe* at ¶ 14.

{¶13} Notably, Conner did not raise issues related to the trial court's purported failure prior to sentencing by way of a Crim.R. 32.1 presentence motion to withdraw his guilty plea, at his sentencing in open court, or following his

-7-

sentencing hearing with a postsentence motion to withdraw his guilty plea. Importantly, Conner concedes on appeal that the plain-error rule is applicable to the facts presented. (Appellant's Brief at 12). Indeed, "[i]t is a well-established rule that '"an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."'" *State v. Ferguson*, 11th Dist. Lake No. 2020-L-031, 2020-Ohio-5578, ¶ 10, quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986), *limited by*, *In re M.D.*, 38 Ohio St.3d 149 (1988), quoting *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus and citing *State v. Cargile*, 123 Ohio St.3d 343, 2009-Ohio-4939, ¶ 15, citing *Awan* at the syllabus. "However, the waiver doctrine set forth by *Awan* is discretionary; thus, 'even where waiver is clear, a reviewing court may consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it.'" *State v. Heft*, 3d Dist. Logan No. 8-09-08, 2009-Ohio-5908, ¶ 29, quoting *State v. Rice*, 3d Dist. Allen Nos. 1-02-15, 1-02-29, and 1-02-30, 2002-Ohio-3951, ¶ 7, citing *In re M.D.*, *supra*. "The Supreme Court of Ohio has directed, however, that '""discretion will not ordinarily be exercised to review such claims, where the right sought to be vindicated was in existence prior to or at the time of trial."'"" *Heft* at ¶ 29, quoting *Rice* at ¶ 7, quoting *State v.1981 Dodge Ram Van*, 36 Ohio St.3d 168,

170-71, (1988), quoting *State v. Woodards*, 6 Ohio St.2d 14, 21 (1966). Since Conner is challenging the voluntariness of his plea (on constitutional grounds) as a result of the trial court's alleged noncompliance with a nonconstitutional portion of Crim.R. 11(C), we, nonetheless, apply the plain-error rule to the facts before us. *See* Crim.R. 52(B).

{¶14} Our review of the record reveals that Conner entered into a negotiated-plea agreement, which included a joint-sentencing recommendation. (Doc. Nos. 48, 49); (Sept. 15, 2020 Tr. at 3). At Conner's change-of-plea hearing, the trial court addressed Conner as to his understanding of each penalty for his individual indicted offenses. (*See* Sept. 15, 2020 Tr. at 5-7). Thereafter, the trial court reviewed the terms of the State and Conner's agreed-upon sentence. (Doc. No. 48); (*Id.* at 11-14). Notably, Crim.R. 11(C)(2)(a)'s requirement that a trial court's determination as to whether a defendant understands the "maximum penalty" has long been understood as a reference to a single penalty for each individual offense. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, paragraph one of the syllabus ("A sentence is the sanction or combination of sanctions imposed for each separate, individual offense."). Here, Conner is arguing that he should have been notified of his "stated prison term" rather than his "[s]entence". *See* R.C. 2929.01(EE), (FF)(1)-(2). However, there is no such requirement that a trial court must advise a defendant of the "stated prison term" (that it will order at the sentencing hearing) *at*

*the change-of-plea hearing*. Therefore, the trial court did not err by failing to advise Conner, at the plea hearing, that ODRC could rebut the presumption of his release once Conner completed the minimum term imposed under R.C. 2967.271.[6] *Compare* R.C. 2929.19(B)(2)(c)(i)-(v) (requiring such notifications at sentencing). Consequently, in our review of the record, we conclude that the trial court substantially complied with the nonconstitutional notifications required under Crim.R. 11(C)(2)(a).

{¶15} Nevertheless, even if we had of concluded otherwise, we would still affirm based entirely on Conner's failure to demonstrate prejudice under the facts presented.[7] *See Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, at ¶ 23.

{¶16} Because we determined the trial court substantially complied with Crim.R. 11(C)(2)(a) in its explanation of the "maximum penalty" as to each separate, individual offense Conner pleaded guilty to, we find no error here, let alone, plain error. Accordingly, Conner's argument is without merit.

{¶17} For these reasons, Conner's sole assignment of error is overruled.

---

[6] Important to this discussion, we note that Chapter 2967 is titled Pardon, Parole; Probation and Section 2967.271 is specifically titled Presumptions related *to sentence* to non-life felony indefinite prison term. (Emphasis added.) R.C. 2967.271.

[7] Strictly speaking, Conner's brief is void of any assertion of prejudice—arguing that *but for* the trial court's failure to explain that ODRC may seek to rebut the presumption of release upon his completion of the minimum term (if ODRC finds, at a hearing, any of the R.C. 2967.271(C) factors apply) at his change of plea hearing, that he would not have otherwise pleaded guilty to the offenses herein. *See Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, at ¶ 23.

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**