[Cite as *State v. Amin*, 2023-Ohio-3761.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2023-G-0009** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| KALRAV T. AMIN, | |
| Defendant-Appellant. | Trial Court No. 2021 C 000188 |

**O P I N I O N**

Decided: October 16, 2023
Judgment: Reversed and remanded

*James R. Flaiz*, Geauga County Prosecutor, and *Alexandria R. Scheid*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Joseph C. Patituce* and *Catherine A. Purdum*, Patituce & Associates, LLC, 16855 Foltz Industrial Parkway, Strongsville, OH 44149 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Kalrav T. Amin, appeals her conviction and sentence for Attempted Aggravated Arson.  For the following reasons, we reverse and vacate Amin's plea and remand this matter for further proceedings consistent with this Opinion.

{¶2}    On November 23, 2021, the Geauga County Grand Jury indicted Amin for Aggravated Arson, a felony of the first degree in violation of R.C. 2909.02(A)(3).

{¶3}    On January 24, 2023, Amin pled guilty to an amended charge of Attempted Aggravated Arson, a felony of the second degree in violation of R.C. 2909.02(A)(3) and

R.C. 2923.02(A). As stated in the Plea Agreement, Amin was subject to the following potential penalties: "Prison: 2-8 years"; "Subject to Regan Tokes: Yes, indefinite prison term maximum up to 12 years"; "Post release control: Mandatory up to 3 years but not less than 18 months"; and "Maximum fine up to $15,000.00."

{¶4} On March 7, 2023, the trial court sentenced Amin to a prison term of 2 years, up to 3 years but not less than 18 months of post-release control, and a fine of $5,000.00.

{¶5} On appeal, Amin raises the following assignments of error:

> [1.] Appellant did not enter a knowing, intelligent, or voluntary plea when the trial court failed to personally review the potential penalties involved, the imposition of post-release control, and failed to correct the State's improper recitation of the potential penalty.

> [2.] Appellant's sentence is contrary to law because the trial court failed to give required notice under SB 201 and 2929.19(B)(2)(c).

{¶6} Under the first assignment of error, Amin argues that the trial court failed to properly advise her of the maximum penalty involved when accepting her plea thus rendering the plea invalid.

{¶7} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "Failure on any one of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id.*; *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10. "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas" to "'ensur[e] an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is

2

understandingly and voluntarily made.'" (Citation omitted.)  *Dangler* at ¶ 11; *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990).

{¶8}     Relevant for the present appeal is Crim.R. 11(C)(2)(a) which provides: "In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and * * * [d]etermining that the defendant is making the plea voluntarily, with understanding * * * of the maximum penalty involved."  The duty to ensure that a defendant understands the maximum penalty is considered to be "nonconstitutional" in nature.  *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 29.

{¶9}     "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error."  *Dangler* at ¶ 13.  Thus, "when a trial court fails to fully cover [the] 'nonconstitutional' aspects of the plea colloquy," such as the maximum penalty involved, "a defendant must affirmatively show prejudice to invalidate a plea."  *Id.* at ¶ 14.  However, the Supreme Court of Ohio has "made a limited exception to the prejudice component of that rule in the criminal-plea context."  *Id.*  "[A] trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice."  *Id.* at ¶ 15.  For example, in *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, the Supreme Court "held that the trial court had completely failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty when the court made no mention of postrelease control in the plea colloquy, despite the fact the defendant was subject to a mandatory five years of postrelease control."  *Id.*

3

{¶10} At the plea colloquy, the following advisements were given with respect to the potential penalties:

Prosecutor:   The parties acknowledge that the defendant is subject to the following potential penalties: Count 1, Attempted Aggravated Arson, second degree felony. Prison. Definite prison between 2 and 8 years. There is a presumption for prison. There is no mandatory prison. Post-release control would be mandatory up to 3 years but not less than 18 months. This sentence would be subject to the Reagan Tokes law, so potential for indefinite prison term maximum up to 12 years. There is an arson registration requirement. And the financial sanctions are mandatory reimbursement of investigative costs of arson but the State is not aware of any costs seeking to be recovered by the sheriff's department at this time. And a maximum fine of up to $15,000. Thank you.

* * *

The Court:   All right. So normally I would advise you of the maximum penalties but they've been set forth in the plea agreement itself. I'm going to ask Mr. Burling [the prosecutor] do you have an opinion whether that's sufficient to be able to not repeat them all.

Prosecutor:   Well, your Honor, I think if you ask the defense if they understand-- if she understands and is satisfied with that explanation.

The Court:   All right. That's what I'm gonna do. So in your [Amin's] plea agreement all those maximum penalties were set out in it. Are you comfortable that you understand them, what the maximum penalties are?

Amin:   Yes, your Honor.

The Court:   Okay. And you are-- you don't need me to repeat them for you as we speak?

Amin:   No, your Honor.

The Court:   Okay. All right. Well, let me also advise you, you are advised that there is a mandatory post-release control but let me advise you that if you violate-- so post-release control is a period of time after release from incarceration, if you are sent to prison. So if you-- sometimes they impose post-release control sanctions and if you violate a post-release control sanction all of the following apply:

4

First, the adult parole authority could impose a more restrictive post-release control sanction. Secondly, the parole board may increase the duration of the post-release control. Third, the parole board may impose an additional prison term of up to one-half of the original sentence not to exceed nine months for each violation. And lastly, if the violation of a post-release control sanction is also a felony, you could be sentenced for the new felony and the court may impose an additional prison term of either 12 months or the time remaining on post-release control whichever is greater which must run consecutively.

{¶11} Amin maintains that the trial court completely failed to strictly comply with the maximum penalty requirement of Crim.R. 11(C) so that she did not need to show prejudice. Specifically, she notes the following purported defects in the colloquy: "The court does not correct the appellee's incorrect assertion that this offense is subject to a definite term of incarceration, nor does the court explain the indefinite sentencing scheme of Reagan Tokes required under R.C. 2929.19(B)(2)(c), R.C. 2929.144(C) and R.C. 2929.271 [sic]. Further, the court mentions the mandatory post-release control sanction for this offense and what could occur if there is a violation, but fails to identify what post-release control is. Furthermore, the court fails to notify Appellant of her eligibility for Judicial Release by entering this plea. Lastly, the court fails to address the limitations a guilty plea has on Appellant's appellate rights." Appellate Brief of Defendant-Appellant at 6.

{¶12} We find that the trial court's advisement regarding the maximum penalty was wholly deficient inasmuch as it communicated contradictory information to Amin without any effort to explain the significance of definite and indefinite sentencing under the Reagan Tokes law.

{¶13} It is well-established that, when conducting the plea colloquy, "the trial judge must convey accurate information to the defendant so that the defendant can understand

5

the consequences of his or her decision and enter a valid plea." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 26. Here, the trial court conveyed no information to Amin regarding the maximum penalty involved. Rather, the court relied on the prosecutor's deficient statement of the maximum penalty. *State v. Gonzalez*, 9th Dist. Summit No. 29018, 2019-Ohio-4882, ¶ 9 ("statements from the prosecutor and defense counsel are not an adequate substitute for the trial judge's obligation to address the defendant 'personally' to ensure that he understands the maximum penalty he is facing").

{¶14} The prosecutor advised Amin that she faced a "definite" prison sentence of between 2 and 8 years. Then, after advising her that there was a presumption for prison but that prison would not be mandatory, the prosecutor stated that, under the Reagan Tokes law, she faced a "potential for indefinite prison term maximum" of up to 12 years. No explanation was given Amin as to how a definite prison sentence of up to 8 years was consistent with an indefinite prison sentence of up to 12 years or what was the legal significance of being "under the Reagan Tokes law." Amin responded to the court that she understood the prosecutor's advisement as to what the maximum penalty was but it is not at all clear that her "understanding" properly reflected the operation of the Reagan Tokes law. The law provides for a "stated minimum term" and a "maximum prison term" and these terms were not employed by the prosecutor or explained by the court. *See* R.C. 2929.14(A)(2)(a) and R.C. 2929.144(B)(1). Stated otherwise, we cannot presume that Amin's understanding of the maximum penalty was more accurate than the prosecutor's statement of the maximum penalty. *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 14 (8th Dist.) ("[i]f a defendant receives 'proper information,' it can be assumed that he or she understood it").

6

{¶15} In this respect, Amin's reliance on *State v. Mullins*, 8th Dist. Cuyahoga No. 111291, 2023-Ohio-803, is instructive. In *Mullins*, the defendant was not fully informed regarding the nature of the charges and misinformed about the maximum sentence. *Id.* at ¶ 18. The court of appeals held that "[t]hese omissions and the misinformation demonstrate a complete failure to comply with Crim.R. 11(C) and eliminate [the defendant's] burden to demonstrate that he was prejudiced by the trial court's error." *Id.* at ¶ 21. Although the nature of the deficiencies in the plea colloquy differs from the present case, the effect on the validity of the plea is the same. "Because of the substantial misinformation * * * provided to [the defendant], it cannot be said that Mullins knowingly, intelligently, and voluntarily entered his plea." *Id.* at ¶ 20.

{¶16} The first assignment of error is with merit.

{¶17} Under the second assignment of error, Amin argues the trial court erred at sentencing by failing to provide the required notices regarding indefinite sentencing and her appellate rights.

{¶18} Pursuant to R.C. 2929.19(B)(2)(c), a trial court imposing a non-life felony indefinite prison term must, at the sentencing hearing and before imposing sentence, provide the offender with certain statutory notifications regarding the consequences of an indefinite sentence. The court in the present case failed to give the required notifications and the State concedes the error. When the court fails to give the indefinite sentence notifications, it has been the practice of this and other courts to remand the case for resentencing. *State v. Fenderson*, 6th Dist. Erie No. E-22-034, 2023-Ohio-2903, ¶ 77 ("Ohio courts agree that a trial court errs where it fails to make these mandatory advisements at the sentencing hearing" so the matter must be remanded "'for the limited

7

purpose of permitting the sentencing court to provide the mandatory notifications'")
(citation omitted); *State v. Baker*, 7th Dist. Columbiana No. 22 CO 0033, 2023-Ohio-2747,
¶ 16; *State v. Miles*, 11th Dist. Portage No. 2020-P-0032, 2020-Ohio-6921, ¶ 27-29.

{¶19} Given that Amin's plea has been found invalid and must be vacated under the first assignment of error, however, any error with respect to sentencing is rendered moot.

{¶20} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this Opinion. Costs to be taxed against the appellee.

EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

8