[Cite as *State v. Jones*, 2024-Ohio-2034.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

VANITY JONES,

        Defendant-Appellant.

CASE NO. 2023-T-0095

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 00289

**O P I N I O N**

Decided: May 28, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Adam Parker*, The Goldberg Law Firm, LLC, 323 West Lakeside Avenue, Suite 450, Cleveland, OH 44113 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Vanity Jones ("Ms. Jones"), appeals from the judgment of the Trumbull County Court of Common Pleas sentencing her to an aggregate prison term of six to eight and one-half years following her guilty pleas to felonious assault and a firearm specification.

{¶2} Ms. Jones raises a single assignment of error, contending her guilty pleas were not knowing, intelligent, and voluntary.

{¶3} After a careful review of the record and pertinent law, we find no basis to vacate Ms. Jones' guilty pleas. The trial court properly advised Ms. Jones of the indefinite sentencing provisions of the Reagan Tokes Law. Although the trial court overstated the potential period of post-release control, Ms. Jones has not demonstrated prejudice.

{¶4} Thus, Ms. Jones' sole assignment of error is without merit, and we affirm the judgment of the Trumbull County Court of Common Pleas.

### Substantive and Procedural History

{¶5} The Trumbull County Grand Jury indicted Ms. Jones on one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(2) and (D)(1)(a), and a firearm specification under R.C. 2941.145 that carried a three-year mandatory prison term. Ms. Jones pleaded not guilty.

{¶6} Ms. Jones entered written pleas of guilty to felonious assault and a firearm specification under R.C. 2941.141 that carried a one-year mandatory prison term. The trial court held a plea hearing and engaged in a colloquy with Ms. Jones. With respect to the potential penalties, the trial court advised Ms. Jones as follows:

{¶7} "You're looking at an indefinite prison term, a minimum of two years, a maximum up to eight -- or a maximum up to 12 years. Your maximum sentence will be the minimum term actually imposed by the Court at sentencing plus one-half of that term. Possible fines up to $15,000. Prison is presumed necessary but it is not mandatory.

{¶8} "As to the Firearm Specification, there's a mandatory prison sentence of one year which must be served prior to and consecutive to any other sentence imposed upon you. It is presumed necessary and it is mandatory as to the Firearm Specification."

2

Case No. 2023-T-0095

{¶9} The trial court also advised Ms. Jones that she faced "a mandatory minimum of two years up to a maximum of five years of Post-Release Control." Following the trial court's advisements, Ms. Jones entered verbal guilty pleas to felonious assault and the firearm specification. As a factual basis, the state indicated as follows:

{¶10} "[O]n or about the date referenced in the indictment, in Trumbull County, state of Ohio, on the date of this offense the defendant was engaged in a fistfight with [the victim]. Once the fistfight was over the defendant went to her motor vehicle, retrieved a handgun and fired a single shot at [the victim] while [the victim] was attempting to get in her motor vehicle. The bullet nearly missed [the victim] and broke the window behind her -- of her motor vehicle.

{¶11} "To prove these allegations the state would have brought forth the testimony of the victim in this case as well as officers with the Warren Police Department."

{¶12} The trial court determined that Ms. Jones entered knowing, intelligent, and voluntary guilty pleas; she had been informed of her constitutional rights; and she understood the nature of the charges, the effect of changing her pleas, and the possible penalties. Accordingly, the court accepted Ms. Jones' guilty pleas and found her guilty. It ordered a presentence investigation and set the matter for sentencing.

{¶13} The trial court held a sentencing hearing and sentenced Ms. Jones to prison terms of five to seven and one-half years for felonious assault and one year for the firearm specification, to be served consecutively, for an aggregate prison term of six to eight and one-half years. The trial court also imposed post-release control of one and one-half to three years. The trial court filed a judgment entry memorializing Mr. Jones' guilty pleas and sentences.

3

{¶14} Ms. Jones appealed and raises the following single assignment of error:

{¶15} "Defendant's Guilty Plea Was Not Knowing, Intelligent, And Voluntary."

## Standard of Review

{¶16} This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Willard*, 2021-Ohio-2552, 175 N.E.3d 989, ¶ 51 (11th Dist.).

## Legal Requirements

{¶17} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11.

{¶18} This case involves Crim.R. 11(C)(2)(a), which provides, in relevant part, "In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and * * * [d]etermining that the defendant is making the plea voluntarily, *with understanding * * * of the maximum penalty involved * * *.*" (Emphasis added.)

{¶19} The Supreme Court of Ohio has held that "when a trial court fails to *fully cover * * ** 'nonconstitutional' aspects of the plea colloquy," such as the maximum penalty involved, "a defendant must affirmatively show prejudice to invalidate a plea." (Emphasis added.) *Dangler* at ¶ 14. However, "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice."

4

Case No. 2023-T-0095

(Emphasis sic.) *Dangler* at ¶ 15. As an example, the Supreme Court cited *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, where it "held that the trial court had completely failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty when the court made no mention of postrelease control in the plea colloquy, despite the fact the defendant was subject to a mandatory five years of postrelease control." *Dangler* at ¶ 15.

{¶20} Thus, "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.

## Reagan Tokes Law

{¶21} Ms. Jones first contends that the trial court failed to properly advise her of the indefinite sentencing provisions of the Reagan Tokes Law.

{¶22} The Reagan Tokes Law, effective as of March 22, 2019, implemented a system of indefinite sentencing for non-life felonies of the first and second degree committed on or after the effective date. *State v. Joyce*, 2022-Ohio-3370, 197 N.E.3d 612, ¶ 8 (11th Dist.). Under the Reagan Tokes Law, a trial court imposing a sentence upon an offender for a second-degree felony must impose "an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to [R.C. 2929.144]." R.C. 2929.14(A)(2)(a). "If the offender is being sentenced for one felony and the felony is a qualifying felony of the * * * second degree, the maximum prison term shall be equal to

5

the minimum term imposed on the offender under [R.C. 2929.14(A)(1)(2)(a)] plus fifty per cent of that term." R.C. 2929.144(B)(1).

{¶23} The trial court advised Ms. Jones that she faced "an indefinite prison term, a minimum of two years, a maximum up to eight -- or a maximum up to 12 years" and that her "maximum sentence" would be "the minimum term actually imposed by the Court at sentencing plus one-half of that term." Ms. Jones argues that the trial court's explanation conveyed to her that "all" of her sentence "would be indeterminate, rather than part of it being a definite term set by the court." She further argues the trial court gave her "no basis to know that the minimum term would be within the range of two to eight years."

{¶24} Ms. Jones misapprehends the statute. Ms. Jones faced a "stated minimum term" as part of an "indefinite prison term," not a "definite" or an "indeterminate" term.

{¶25} We also disagree with Ms. Jones' assertions. Although the trial court's summary of the Reagan Tokes Law did not perfectly follow the statutory text, it fully encompassed the statute's major components. Specifically, the trial court informed Ms. Jones that she faced an indefinite prison term comprised of a minimum term, i.e., two to eight years, and a maximum term, i.e., up to 12 years, and it explained the method of calculating the latter, i.e., the minimum term actually imposed plus 50%. Ms. Jones gave no indication during the plea hearing that she was confused by the trial court's explanation. In fact, she answered in the affirmative when asked if she understood the potential penalties.

{¶26} The case Ms. Jones cites in support of her argument, *State v. Amin*, 11th Dist. Geauga No. 2023-G-0009, 2023-Ohio-3761, is distinguishable. In *Amin*, "the trial court conveyed no information to [the appellant] regarding the maximum penalty involved"

6

under the Reagan Tokes Law. *Id.* at ¶ 13. "Rather, the court relied on the prosecutor's deficient statement of the maximum penalty," which case law indicated was not a permissible practice. *Id.*, citing *State v. Gonzalez*, 9th Dist. Summit No. 29018, 2019-Ohio-4882, ¶ 9 ("statements from the prosecutor * * * are not an adequate substitute for the trial judge's obligation to address the defendant 'personally' to ensure that he understands the maximum penalty he is facing").

{¶27} Ms. Jones also argues that the trial court failed to explain that the Ohio Department of Rehabilitation and Correction, rather than the court itself, would decide whether to impose the maximum term, and the court failed to explain how the department would make that determination. Ms. Jones cites no legal authority indicating that a trial court must convey this information during a plea colloquy when explaining the maximum penalty. R.C. 2929.19(B)(2)(c) imposes this obligation at the time of sentencing.

**Post-release Control**

{¶28} Ms. Jones next contends that the trial court incorrectly advised her of the potential term of post-release control.

{¶29} The trial court advised Ms. Jones that she faced a potential post-release control period of two to five years when she actually faced one and one-half to three years. *See* R.C. 2967.28(B)(3) ("a period of post-release control required by this division for an offender shall be * * * [f]or a felony of the second degree that is not a felony sex offense, up to three years, but not less than eighteen months"). The state concedes error but contends it was not prejudicial. We agree.

{¶30} Post-release control is a distinct component of a criminal sentence. *See State v. Fabian*, 12th Dist. Warren No. CA2019-10-119, 2020-Ohio-3926, ¶ 20. "[A] trial

7

court's total failure to inform a defendant of a distinct component of the maximum penalty during a plea colloquy constitutes a complete failure to comply with Crim.R. 11(C)(2)(a), thereby requiring the vacation of the defendant's guilty * * * plea." *Id.* "By contrast, a trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or perhaps inaccurate, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a)." *Id.*

{¶31} Because the trial court advised Ms. Jones about post-release control, although inaccurately, the trial court's failure to comply with Crim.R. 11(C)(2)(a) did not constitute a *complete* failure. Rather, the trial court failed to *fully* comply, which requires Ms. Jones to demonstrate prejudice.

{¶32} "The test for prejudice is 'whether the plea would have otherwise been made.'" *Dangler* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Prejudice must be established '"on the face of the record."'" *Id.* at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462, 709 N.E.2d 162 (1999). "When a defendant receives a sentence that exceeds what the trial court previously informed the defendant was the maximum penalty, the prejudice is apparent on its face." *State v. Tackett*, 2023-Ohio-2298, 221 N.E.3d 172, ¶ 22 (8th Dist.).

{¶33} Ms. Jones does not allege, much less purport to demonstrate, prejudice. There is also no prejudice on the face of the record before us. Although the trial court overstated the potential period of post-release control, it imposed the correct period at sentencing. It is also not reasonable to conclude that Ms. Jones would have chosen to

8

go to trial had she known she actually faced a slightly shorter period of post-release control.

{¶34} Since there is no valid basis upon which to vacate Ms. Jones' guilty pleas, her sole assignment of error is without merit.

{¶35} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

9