[Cite as *State v. Clark*, 2024-Ohio-4930.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | |
|---|---|
| STATE OF OHIO, | : |
| | : |
| Plaintiff-Appellee, | : Case No. 23CA20 |
| | : |
| v. | : |
| | : |
| CHRISTOPHER M. CLARK, | : DECISION AND JUDGMENT |
| AKA: ROBERT L. HUDGINS, | : ENTRY |
| AKA: ROBERT LOUIS CLARK, | : |
| AKA: CHRISTOPHER CLARK, | : |
| | : |
| Defendant-Appellant. | : |

_____

APPEARANCES:

Chris Brigdon, Thornville, Ohio, for Appellant.

Judy C. Wolford, Pickaway County Prosecutor, Heather M.J. Carter, Assistant Pickaway County Prosecutor, Circleville, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Christopher M. Clark appeals the August 4, 2023 Entry of Sentence of the Pickaway County Court of Common Pleas. Clark entered guilty pleas to Count One, Trafficking in a Fentanyl-Related Compound, a violation of R.C. 2925.03(A)(2)/(C)(9)(e), a felony of the second degree, and Count Three, possession of cocaine, a violation of R.C. 2925.11(A)/(C)(4)(b), a felony of the fourth degree. Herein, Clark contends

that his plea to Count One, Trafficking in a Fentanyl-Related Compound was not knowingly, voluntarily, and intelligently given because the maximum penalty was not explained and because the indefinite nature of his sentence under the Reagan Tokes Act was not explained.  Upon review, we find no merit to Clark's assignments of error.  Accordingly, we overrule both assignments of error and affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2} Subsequent to a traffic stop, on September 1, 2022, Clark was indicted on three counts:

| | |
|---|---|
| Count One: | Trafficking in a fentanyl related compound, R.C. 2925.03(A)(2)(C)(9)(e), a felony of the second degree; |
| Count Two: | Possession of a fentanyl related compound, R.C. 2925.11(A)(C)(11)(d), a felony of the second degree; |
| Count Three: | Possession of cocaine, R.C. 2925.11(A)(C)(4)(b), a felony of the fourth degree. |

The counts also contained forfeiture specifications related to the U.S. currency discovered during the stop.

{¶3} On May 8, 2023, Clark entered guilty pleas to Counts One and Three.  On August 2, 2023, the trial court imposed a mandatory term of 6 to 9 years as to Count One, and 16 months as to Count Three, to run concurrently.

{¶4}Clark later filed a motion for delayed appeal which has been granted.

ASSIGNMENTS OF ERROR

I.      DID THE TRIAL COURT ERROR [SIC] WHEN
        FAILING TO ACCURATELY EXPLAIN THE
        MAXIMUM POTENTIAL SENTENCE ASSOCIATED
        WITH R.C. 2925.03(A)(2)(C)(9)(e)?

II.     DID THE TRIAL COURT ERROR [SIC] WHEN
        FAILING TO ACCURATELY EXPLAIN THE
        MAXIMUM PENALTY ASSOCIATED WITH R.C.
        2929.14 AND R.C.2929.144?

{¶5} Without explicitly citing the Reagan Tokes Act in his assignments of error, Clark's arguments thereunder concern whether or not the trial court properly informed him of the Reagan Tokes Act as relates to his plea to Count One, Trafficking in a Fentanyl-Related Compound. Thus, we consider them jointly.

{¶6} Clark contends that his guilty plea to Count One of the indictment was not knowingly, intelligently, and voluntarily made because the trial court did not accurately set forth the maximum penalty during the court's colloquy with him. The maximum penalty associated with Trafficking in a Fentanyl-Related Compound, R.C. 2925.03(A)(2)/(C)(9)(e), is eight years. Additionally, pursuant to R.C. 2929.144(B)(1), the Reagan Tokes Act, Clark

was subject to an indefinite sentence.  Clark concludes that the trial court's explanation at his change of plea hearing was a "Cliff-notes version" of the maximum potential penalty.

{¶7} In response, the State of Ohio points out that Clark did not interpose any objection to the alleged deficient notification.  The State asserts that a review of the record in its totality demonstrates that the trial court substantially complied with the requirements of Crim.R. 11(C)(2).  The State also points out that at the plea hearing Clark, with the assistance of counsel, executed a plea waiver form.  The State argues that at the plea hearing Clark was informed that he faced a maximum possible penalty of 8 to 12 years, and that if he were to be sentenced to an 8-year term in prison, his sentence would be 8 to 12 years "due to the four (4) year Reagan Tokes tail required by law."  The State also argues that if this court determines that the trial court only partially complied with Crim.R. 11, the sentence should be affirmed because Clark has failed to show prejudice.

## A. STANDARD OF REVIEW

{¶8} Appellate courts apply a de novo standard of review when evaluating a plea's compliance with Crim.R. 11(C). *State v. Estep*, 2024-Ohio-58, ¶ 47 (4th Dist.); *State v. Nero,* 56 Ohio St.3d 106, 108-109 (1990).

## B. LEGAL ANALYSIS

### 1. Legal Requirements of Pleas

{¶9} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Jones,* 2024-Ohio-2034, ¶ 17 (11th Dist.), quoting *State v. Engle,* 74 Ohio St.3d 525, 527 (1996).  *See also State v. Tolle*, 2022-Ohio-2839, ¶12 (4th Dist.). "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler,* 2020-Ohio-2765, ¶ 11.  "The purpose of Crim.R. 11(C) is 'to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty.' " *Tolle,* ¶ 17, quoting *State v. Ballard,* 66 Ohio St.2d 473, 479-480 (1981).  " ' "It is the trial court's duty, therefore, to ensure that a defendant has a full understanding of what the plea connotes and of its consequences." ' " *Tolle,* ¶ 13, quoting *State v. Montgomery*, 2016-Ohio-5487, ¶ 40, quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (169).

{¶10} Clark's assigned errors involve Crim.R. 11(C)(2)(a), which provides, in relevant part, "In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * *

and * * * [d]etermining that the defendant is making the plea voluntarily, *with understanding * * * of the maximum penalty involved * * *.*" (Emphasis added.) The Reagan Tokes Act relates to a defendant's maximum penalty. The Supreme Court of Ohio has held that "when a trial court fails to *fully cover* * * * 'nonconstitutional' aspects of the plea colloquy," such as the maximum penalty involved, "a defendant must affirmatively show prejudice to invalidate a plea." *Jones,* ¶ 19. (Emphasis added.) *Dangler* at ¶ 14. However, "a trial court's *complete failure* to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Dangler* at ¶ 15. (Emphasis added.)

{¶11} "Thus, 'the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?' " *Jones,* ¶ 20, quoting *Dangler* at ¶ 17.

## 2. Reagan Tokes Act

{¶12} The Reagan Tokes Act, effective as of March 22, 2019, implemented a system of indefinite sentencing for non-life felonies of the first and second degree committed on or after the effective date. *Jones* at

¶ 22, citing *State v. Joyce,* 2022-Ohio-3370, ¶ 8 (11th Dist.). Under the Reagan Tokes Act, a trial court imposing a sentence upon an offender for a second-degree felony must impose "an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to [R.C. 2929.144]." R.C. 2929.14(A)(2)(a). "If the offender is being sentenced for one felony and the felony is a qualifying felony of the * * * second degree, the maximum prison term shall be equal to the minimum term imposed on the offender under [R.C. 2929.14(A)(1)(2)(a)] plus 50 per cent of that term." R.C. 2929.144(B)(1).

{¶13} An offender sentenced under the Act has a rebuttable presumption of release at the conclusion of the offender's minimum term. *See* R.C. 2967.271(B). However, the Ohio Department of Rehabilitation and Correction (ODRC) may rebut that presumption and keep the offender in prison for an additional period not to exceed the maximum term imposed by the sentencing judge. R.C. 2967.271(C). *See State v. Tutt,* 2021-Ohio-96, ¶ 11 (12th Dist.). Because the Reagan Tokes Act, when applicable, allows the ODRC to extend a defendant's sentence beyond the minimum term upon satisfaction of statutory criteria, trial courts must abide by R.C. 2929.19(B)(2)(c) and notify the defendant of the five notifications as it

relates to their indefinite prison term.  *Estep*, *supra,* ¶ 57; *State v. Greene,*

2022-Ohio-4536, ¶ 11 (1st Dist.).

{¶14} To be clear, R.C. 2929.19(B)(2)(c) provides that if the prison term

is a non-life felony indefinite prison term, the trial court must notify the

offender of all of the following:

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

> (iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

> (iv) That the department may make the specified determinations and maintain the offender's incarceration

under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶15} At sentencing, the trial court addressed Clark explaining as follows, the notifications required by the Reagan Tokes Act:

> Well, for the offense of Trafficking in a Fentanyl-Related Compound with Specification, a felony of the second degree, it will be the order of the court, Mr. Clark stand committed for a period of six to nine years on that one. That is a mandatory sentence. For the Possession of Cocaine, a felony of the fourth degree, it will be the order of the court he stand committed for 16 months. I'll run those concurrent….. Mr. Clark, it's presumed you will be released from prison on the expiration of the six-year sentence. The department of rehabilitation and corrections may rebut the presumption by holding a hearing and making a specified determination regarding your conduct and demeanor while confined. If the department that the hearing makes the specified determination and rebuts the presumption, the department may maintain your incarceration beyond the expiration of six years, but not beyond nine years. The department may hold hearing to make a specified determination and maintain your incarceration more than once. You must be released upon the expiration of your maximum term of nine years.

{¶16} However, Clark challenges the knowing, intelligent, and voluntary nature of his *plea* due to the alleged deficient notification, not the *lawfulness of his sentence* due to alleged deficient notification. (Emphasis added.) This

court has taken up the latter challenge in *State v. Long,* 2021-Ohio-2672, ¶¶27-29, wherein we held that a sentence is contrary to law if a trial court sentences an offender to an indefinite prison term under the Reagan Tokes Act and fails to advise the offender of all the notifications set forth in R.C. 2929.12(B)(2)(c) at the sentencing hearing: *State v. Estep, supra,* wherein we remanded the matter for sentencing due to the trial court's advisement to Estep of some of the sentencing requirements but not of the presumption of release, the ODRC's burden to rebut the presumption, that the process may be repeated multiple times, or that Estep would be released at the end of the maximum term; and *State v. Price,* 2024-Ohio-1641, ¶ 10, wherein we found Price's sentence contrary to law and remanded for resentencing because the trial court failed to provide required notice at sentencing of ODRC's rebuttal of presumption. However, the issue of whether or not a defendant's plea is invalidated due to alleged deficient Reagan Tokes Act notifications appears to be a matter of first impression in our district.

{¶17} As with all challenges to the knowing, intelligent, and voluntary nature of pleas, we turn to review of the transcript. At Clark's change of plea hearing held on May 8, 2023, the transcript indicates that the trial court asked Clark about his educational level and whether or not he was under the influence of alcohol or drugs. Clark stated that he had graduated from high

school and denied being under the influence of alcohol or drugs.  The Court

further inquired if he had signed a form captioned "Petition to Enter Plea of

Guilty," indicating he wished to plead guilty to the two counts as discussed.

Clark verified that he had signed the petition.  Under Part 7, **Maximum**

**Penalty,** the petition indicates that the maximum stated prison term for

Count One is 8-12 years.  It also indicates that the prison sentence is

mandatory.

{¶18} Next, the trial court inquired:

> You understand that Count One is Trafficking in a fentanyl
> related compound, a felony of the second degree, it carries
> a maximum penalty of eight to twelve years in
> prison,…Any prison sentence is mandatory, which means
> you wouldn't be eligible for any type of early release.
> Count Three is possession of cocaine, a felony of the
> fourth degree. It carries a maximum possible penalty of
> eighteen months in state prison, $5,000 fine.  Any sentence
> you receive can be concurrent or consecutive.  Concurrent
> means you serve them both at the same time.  Consecutive
> means you have to serve each one separately.  Do you
> understand what you're charged with and the maximum
> possible penalty?

At this point, Clark expressed affirmance of his understanding of the

maximum possible penalty.

{¶19} The hearing transcript demonstrates that the trial court next

discussed Clark's constitutional rights before turning to a further discussion

of the penalties.  The court stated as follows:

A felony of the second degree carries a presumption of prison. Also, upon finishing your prison sentence, you will be subject to mandatory post release control for a period of time not to exceed three years, but not less than eighteen months. You would be under the supervision of the Ohio Department of Rehabilitation and Corrections. They would have a parole officer watching over you, they would have rules and regulations concerning your conduct. If you violate their rules and regulations they can send you back to prison to serve additional time. Additional time could equal one half, add up to one half of the original sentence you receive from me, unless one of the violations is a new felony conviction. If you get convicted of a new felony while on post release control, you could be made to return to prison under this case to serve the greater of one year or time remaining on post release control, which could be up to three years, whichever is greater. And, by law, that has to be served consecutive with any new felony conviction, the sentence you receive while on post release control. Do you have any questions you wish to ask me about any of your rights?

{¶20} Clark answered "No, Sir." Clark thereafter entered pleas to Counts One and Three. The trial court made a finding that Clark was entering his plea knowingly, voluntarily, and intelligently. Count Two was dismissed and the court referred the matter for presentence investigation.

{¶21} Recently in *State v. Boulware,* 2024-Ohio-1388 (2d Dist.), appellant appealed denial of his motion to withdraw his guilty plea on the basis that his plea to voluntary manslaughter was not knowingly, intelligently, and voluntarily entered because the trial court did not advise him of the Reagan Tokes Act notifications set forth in R.C.

2929.19(B)(2)(c). Specifically, the Second District Court of Appeals noted that R.C. 2929.19 governs *sentencing* hearings and that R.C. 2929.19(B)(2)(c) specifically indicates that the notifications in question must be given at the offender's *sentencing* hearing. (Emphasis added.) The appellate court further noted that Boulware failed to present any authority supporting the notion that the R.C. 2929.19(B)(2)(c) notifications must be given at the plea hearing in order to comply with Crim.R. 11(C)(2)(a). The *Boulware* court observed as follows at ¶¶ 18-20:

> In fact, case law from this state suggests that the failure to give the R.C. 2929.19(B)(2)(c) notifications at the plea hearing does not invalidate a guilty plea. For example, in *State v. Hodgkin,* 2021-Ohio-1353, the Twelfth District Court of Appeals noted that it was "immaterial" that the trial court did not provide all of the R.C. 2929.19(B)(2)(c) notifications at the plea hearing because "[t]he trial court is required to advise an offender of the 2929.19(B)(2)(c) notifications at the sentencing hearing[.]" (Emphasis sic.) *Id.* at fn. 3. *In State v. Searight,* 2023-Ohio-3584, the First District Court of Appeals noted that although the defendant had argued that the trial court's failure to apprise him of the Reagan Tokes Act notifications under R.C. 2929.19(B)(2)(c) rendered his guilty pleas invalid, "the substance of his argument and his request for proper notifications * * * stick to the sentence, not the pleas." *Id.* at ¶ 6. In *State v. Conner,* 2021-Ohio-1769, the Third District Court of Appeals specifically held that the trial court did not err by failing to advise the defendant, at the plea hearing, of one of the notifications under R.C. 2929.19(B)(2)(c), i.e., that the ODRC could rebut the presumption of his release once the defendant completed the minimum prison term imposed. *Id.* at ¶ 14. Despite the trial court's failure to give that notification, the Third

District held that the trial court had substantially complied with Crim.R. 11(C)(2)(a) in its explanation of the maximum penalty. *Id.* at ¶ 16.

{¶22} The *Boulware* court ultimately held that res judicata barred Boulware's challenge to his plea. However, the court also found that even if the challenge was not barred, overruling Boulware's post-sentence motion to withdraw his guilty plea was not an abuse of discretion because the trial court was only required to give the R.C. 2929.19(B)(2)(c) notifications at the sentencing hearing. The record reflected that the trial court sufficiently advised Boulware of his maximum possible penalty at the plea hearing as required by Crim.R. 11(C)(2)(a). *See also State v. Mathews,* 2024-Ohio-1863, ¶ 20 ( 1st Dist.) (No obligation that trial court provide Reagan Tokes notifications at plea hearing).[1]

{¶23} At Clark's hearing, the trial court discussed the Petition to Enter Plea of Guilty form, indicating that the maximum prison term for Count One is 8-12 years and also indicating that the prison sentence is mandatory. Without referencing the Reagan Tokes Act or the indefinite nature of the sentence, the trial court then addressed Clark and explained the maximum

---

[1] *But see State v. Amin,* 2023-Ohio-3761, (11th Dist.), wherein the appellate court found merit to Amin's argument that his plea was not knowing, intelligent, or voluntary when entered, in part, because the trial court failed to personally review the potential penalties involved and instead relied upon the prosecutor's deficient statement of such. *Id.* at ¶ 16.

penalty of 8-12 years and the mandatory sentence.  Based upon the foregoing case law from our sister districts—the First, Second, Third, and Twelfth—we find that while the trial court was required to give the Reagan Tokes notifications to Clark at sentencing, nothing mandates that these notifications be given prior to Clark's entrance of his plea.  The underlying record reflects that the trial court substantially complied with its duty to provide an explanation of the maximum sentence.  Therefore, Clark's argument that his plea was not entered knowingly, intelligently, or voluntarily based solely upon the lack of the Reagan Tokes notifications is without merit.  Accordingly, both assignments of error are overruled and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J. concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**